SAMUEL E. ANTRAM, Appellant, v. JOHN A. BURCH,
    Respondent.

St. Louis Court of Appeals, April 24, 1900.

1. **Chattel Mortgage:** FRAUD: TITLE TO PROPERTY: CONSID-
ERATION. If a mortgage is in fact given without consideration,
or if it is contrived to hinder or delay creditors, then in contempla-
tion of law the title to the goods mortgaged does not pass by the
mortgage.

2. ———:———:———: CONSTRUCTIVE FRAUD. The princi-
ple that even though a mortgage is tainted with fraud in the first
instance, it may be cured by the mortgagee taking possession of
goods under it, is applicable only when a chattel mortgage is con-
structively fraudulent, that is, where the mortgagor is left in pos-
session of the goods with the understanding that he might sell them
for his own benefit.

3. ———:———:———. And it can not be applied where the mort-
gagee holds the possession of the goods under a mortgage which is
found to be actually fraudulent, that is, where it was executed as in
the case at bar, for the express purpose of cheating or defrauding
the creditors of the mortgagor.

Appeal from the Knox Circuit Court.—*Hon. Edwin R.
McKee*, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

(1)   The only defenses attempted to be stated in the
answer are (a) a half denial of plaintiff's possession of the
goods; (b) that the mortgage was voluntary, without any
consideration and therefore void for fraud.   No other ground
of fraud attempted to be stated; not even that plaintiff is the
father of William Antram; or that they colluded or con-
spired to defraud the creditors.   The facts constituting the

fraud must be alleged; a general charge of fraud is not sufficient in either petition or answer. Clough v. Holden, 115 Mo. 336; Bank v. Roher, 138 Mo. 369. (2) The attaching creditors have no special interest in the goods until they reduce their claims to judgment and can sue in such case to set aside a conveyance only because of the above statute. Brumley v. Golden, 27 Mo. App. 167; Fisher v. Tallman, 74 Mo. 39; Mullen v. Hewett, 103 Mo. 650; Boland v. Ross, 120 Mo. 213. (3) It is contrary to express statute and public policy, that defendant should, when sued, as a trespasser, as for a conversion for using his process against a party not named in it, thus espouse the cause of one set of creditors against another. Gilbert v. Peck, 43 Mo. App. 582; State ex rel. North v. Hadlock, 52 Mo. App. 298. (4) This is clear error, in violation of the elementary principle of hearsay. The test in such case is if the person whose statements are offered, if present, would be a competent witness; if so, they are not competent. Wood v. Hicks et al., 36 Mo. 329. William Antram would be a competent witness in the case. Longsdorf v. Fields, 36 Mo. 445; Hoskins v. Railroad, 19 Mo. App. 319.

*Charles D. Stewart* and *G. R. Balthrope* for respondent.

(1) There was no error committed in the refusal of the two instructions for plaintiff, they were covered fully by the court in other instructions. Where the instructions given fully and fairly state the law the refusal of others to the same effect will not constitute error. Flynn v. Railroad, 43 Mo. App. 424; Doan v. Railroad, 43 Mo. App. 450; Shotwell v. Gordon, 121 Mo. 482; Martin v. Smylee, 55 Mo. 577; Meiners v. St. Louis, 130 Mo. 274; Miller v. Railroad, 62 Mo. App. 252. (2) Or, if the essential principles of those

asked are contained in those given.    State v. Bank, 118 Mo. 117; Buck v. Railroad, 108 Mo. 179; State v. Luke, 104 Mo. 563.    (3)   The instruction given on part of defendant that is complained of by plaintiff wherein this language is used: "Any cunning, deception or artifice practiced or used to cheat or deceive creditors of William Antram participated in by this plaintiff would be fraud in this case," is undoubtedly the law and so acknowledged by the plaintiff's counsel in his second instruction given by his request.

BIGGS, J.—Prior to Sept. 23, 1898, one William Antram conducted a mercantile business in the town of Hurdland in Knox county.    On that day he executed and delivered to the plaintiff in this suit a mortgage on his entire stock of goods to secure an alleged indebtedness of about $1,800, which was evidenced by a note of even date and due one day after date.    The plaintiff took immediate possession of the goods and locked the storeroom.    The next day after the mortgage was given several creditors of William instituted attachment suits against him in the circuit court, and the defendant, who is the sheriff of the county, levied the writs on the stock of goods as the property of William. Afterwards the goods were sold by defendant under the order of the court for $1,286.35.    In this action the plaintiff seeks redress for the alleged unlawful levy.    It is difficult to determine the character of the action attempted to be stated in the petition.    The pleader first alleges the giving of the mortgage; his possession of the goods; their unlawful seizure by the defendant, and that the goods were subsequently sold under the order of court.    The petition then closes with a prayer for judgment against the defendant for the amount of the proceeds of the sale.

The defendant in his answer admitted the levies and the sale by him, but averred that the chattel mortgage "was

without consideration and fraudulent and given by said William Antram and accepted by the plaintiff for the purpose and with the intention of hindering and delaying the creditors of the said William Antram," etc.

The new matter in the answer was put in issue by the replication.

The issues were submitted to a jury and were found in favor of the defendant. Plaintiff has appealed.

Counsel insist that it is not permissible for the defendant to defend against the action for the alleged fraud in the mortgage, the contention being that the attaching creditors only can assail it as fraudulent. It is undoubtedly true that the plaintiffs in the attachment suits could have instituted a suit to set aside the mortgage. R. S. 1899, sec. 416. But they also had the right to test the validity of the mortgage under the attachments, and having so elected the sheriff stands for them in the litigation. By virtue of the levies he has a special interest in the property as the trustee, so to speak, of the plaintiffs in the writs. The present action is brought against him upon the theory that the goods belonged to plaintiff, and that therefore the defendant in making the levy committed a trespass. The right of plaintiff to recover hinges solely on the question of title to the goods, and that is the issue that is tendered by the pleadings. If the mortgage was in fact without consideration, or if it was contrived to hinder or delay the creditors of William, then in contemplation of law the title to the goods did not pass by the mortgage, but remained in William, and the defendant had a right to show this in justification of his action in making the levies.

In the trial of the cause the court permitted the defendant to prove the declarations of William which indicated an intention on his part to make a fraudulent disposition of his property. At the time the evidence was received the court cautioned the jury that as the alleged statements were not

made in the presence of the plaintiff, they could only be received as tending to prove a fraudulent purpose on the part of William in making the mortgage. In its instructions the court also directed the jury that they should not consider this evidence in determining the good or bad faith of plaintiff in accepting the mortgage. The action of the court in this matter was right.

Again, it is urged that even though the mortgage was tainted with fraud in the first instance, it was cured by plaintiff's subsequent possession of the goods under it. That principle is applicable only where a chattel mortgage is constructively fraudulent, that is where the mortgagor is left in possession of the goods with the understanding that he might sell them for his own benefit. It can not be applied where the plaintiff holds the possession of the goods under a mortgage which was found to be actually fraudulent, that is where it was executed as charged here, for the express purpose of cheating or defrauding the creditors of the mortgagor. Therefore the objection of appellant that the court in the instructions failed to tell the jury that if plaintiff took possession of the goods prior to their seizure, the verdict should be for him, must be overruled.

Lastly it is claimed by appellant that the only defense sufficiently pleaded in the answer is that the mortgage was executed without consideration, and consequently that evidence of an actual fraudulent design in the execution of the mortgage was improperly received. Conceding this construction of the answer to be correct, it was competent in support of the averment to receive any evidence tending to prove an actual design in the execution of the mortgage to cheat or delay the creditors of William. To this extent only did the inquiry go, and the appellant has no reason to complain of it.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.