Bachelder v. Bickford.

———————◄•·►———————

HENRY A. BACHELDER *vs.* CHARLES S. BICKFORD and others.

*Agreement. R. S., c. 82, § 36. Day's work. Compensation for over-work.*
*Assumpsit on implied promise.*

Ten hours constitute a legal day's work in a grist mill where the labor is hired at a *per diem* compensation, payable weekly, this not being an agricultural employment, nor a monthly hiring.  R. S., c. 82, § 36.

For work done at the request of his employer, by a laborer, so hired in a grist mill, after the completion of his day's labor, the law implies a promise of payment, which may be enforced by suit after the stipulated compensation for the day labor has been paid and accepted.

ON EXCEPTIONS to the ruling of the justice of the superior court.

ASSUMPSIT to recover $57.90 for labor performed by plaintiff for the defendants in their grist mill.  The cause was submitted to the presiding judge, who found these facts: that the plaintiff was hired by the defendants to work for them in their mill, on or about the twenty-ninth day of May, 1865, at eight shillings per day, payable weekly; that at times it was necessary to run the mill all night; that it was customary, when a man wrought all night, for him to "lay off the next day," the night work counting for a day's work; but that the plaintiff, during the time of his engagement, worked

Bachelder *v.* Bickford.

thirty-two nights and did not lay off and rest the next day, but worked all day; that he worked for the defendants until December 31, 1865, and they settled with him the next day, (January 1, 1866) and the plaintiff received what was due him for his day labor, but though he then claimed pay for his thirty-two nights' work, it was refused him; that, at the time of this settlement, the plaintiff was hired anew at nine shillings a day; that November 16, 1871, the plaintiff again demanded payment for his thirty-two nights' work, which was again refused, and thereupon this action was brought December 9, 1871. Upon these facts the judge ruled, as matter of law, that the plaintiff was entitled to recover for the nights' work, and was not precluded from sustaining this action by his acceptance of his pay for his day labor; to which rulings the defendants excepted.

*Cobb & Ray,* for the defendants.

The contract between the parties was for weekly, and not daily labor. 2 Story on Con., §§ 962, d, e and f; *Davis v. Maxwell,* 12 Metc., 286. Hence, R. S., c. 82, § 36, does not apply. The entire working time and ability of the laborer belongs to his employer; and to enable him to maintain this action an express promise should be shown. Schouler's Domestic Relations, 620.

His not following the usual custom of laying off, was his own act. His employers could no more compel him to sleep than to eat when he did not choose to do so. He abandoned his claim at the time of settlement, January 1, 1866, and did not again make it till November 16, 1871—six years later. It was an afterthought.

*J. H. Drummond,* for the plaintiff.

WALTON, J. When a contract to work in a grist mill, at eight shillings per day, to be paid weekly, is silent as to the length of time that shall constitute a day's work, the rule established by the statutes of this State that "in all contracts for labor, ten hours of actual labor shall be a legal day's work, unless the contract stipulates for a longer time," is applicable. R. S., c. 82, § 36. And if

the laborer works nights, after his legal day's work is done, at the request of his employer, and for his benefit, the law implies a promise on his part to pay for such labor. Acceptance of pay for the day labor will be no bar to a recovery for the night labor. It is true that the above rule is not applicable to "monthly labor," nor to "agricultural employments." But in our judgment, work in a grist mill, at eight shillings·per day, to be paid weekly, is not . monthly labor, nor agricultural employment.

Such, in effect, was the ruling in this case.    We think the ruling was correct.                                  *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.