John V. McMahon, Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

*Municipal corporation — an employee thereof paid less than the prevailing rate of wages, may recover the difference — effect of signing a pay roll stating that the payment was "in full" — wages in the market generally and not in the particular department are the standard.*

Mechanics, workingmen or laborers employed by a municipal corporation, and entitled, under chapter 385 of the Laws of 1870, as amended by chapter 622 of the Laws of 1894, to receive "not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen and laborers are employed in said locality," are not, in the event of the failure of the municipality to pay them such wages, limited to a proceeding under section 3 of said act, for the removal or suspension of the delinquent officer, but may maintain an action against the municipality for the difference between the wages actually paid to them, and the wages which, under the statute, the municipality was required to pay them.

The right of such a mechanic to recover is not affected by the fact that from week to week he accepted the wages paid without protest, and signed a pay

roll, at the head of which was a general receipt containing the words "in full payment for services rendered by me," it being undisputed that his attention was never called to this statement — certainly this is so where such defense is urged for the first time upon appeal.

The statute in question contemplates the prevailing rate of wages in the market generally, and not in the particular department of the municipality in which the plaintiff is employed.

APPEAL by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of March, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of March, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Robert Shaw Barlow*, for the appellant.

*Kugelman & Cohn*, for the respondent.

BARRETT, J.:

The plaintiff was employed as a mason and bricklayer in the department of public parks for the greater part of the period between May 10, 1894, and April 13, 1895, being paid at the rate of three dollars and fifty cents a day. He has recovered in this action a sum equal to an additional amount of fifty cents for each day of work. His right thereto is based upon chapter 385 of the Laws of 1870, as amended by chapter 622 of the Laws of 1894, which provides (§ 2) that all mechanics, workingmen and laborers employed by the State or any municipal corporation, " shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen and laborers are employed in said locality."

Sufficient proof was given that the prevailing rate of wages for those in plaintiff's calling was four dollars a day during the whole period of his employment. In view of this evidence the statute conferred upon plaintiff a right to this sum. Where a statute fixes the amount of compensation to be paid a public employee, his right thereto is absolute and cannot be taken away by any public officer. (*Kehn* v. *The State of New York*, 93 N. Y. 291.) Plaintiff was as

much entitled to receive four dollars a day as though that sum had been specified in the statute. The same principle applies, whether the amount of the compensation is fixed in figures or by reference to an extrinsic fact. The statute imposed upon the defendant's officers the duty of making inquiry as to the prevailing rate of wages and paying plaintiff accordingly.

It is contended that the plaintiff was not entitled to recover because he failed to prove that the rate of wages for masons and bricklayers *in the park department* had been fixed by the proper official at four dollars a day for the period involved in this action. The answer to this is that the statute contemplates the prevailing rate of wages in the market generally — not in the particular department. Any other construction would nullify the law, for the officials in each department could thus make their own prevailing rate of wages and in fact pay what they pleased.

It is also contended that the employee's remedy for violation of the statute is the punishment of the official. This contention is equally untenable. It is based principally upon section 3 of the act, which makes any officer violating its provisions liable to suspension or removal. The argument is that, if a complete right of action were conferred upon the laborer by the statute itself, this provision would be unnecessary for his protection and would not have been inserted. We see no force in this argument. If the official makes the proper agreement with the laborer, and pays him the proper amount, the latter gets what is due him without trouble or delay. Otherwise he is made to wait for money to which he is entitled, and which may be immediately essential for the support of himself and his family. It was to stop throwing the ordinary burdens and delays of litigation upon poor people, such as these laborers are apt to be, that the provision for the punishment of delinquent officials was probably inserted. Such burdens and delays certainly furnish ample reason for its insertion. At all events, the appearance in the act of such a clause furnishes no support for the defendant's contention. A complete right to full pay at the rate of wages prevailing in the market is clearly conferred by the statute, and the penal provision was intended as an additional guaranty to the persons sought to be protected. The present case differs entirely from *McCarthy* v. *The Mayor* (96 N. Y. 1), where the original act of

1870 was under consideration.   That act did not fix or direct compensation for the work for which the plaintiff there sought to recover, and this fact was the basis of the decision.

It is also contended that plaintiff's right to recover is barred by the fact that he signed a receipt in full at the time he was paid three dollars and fifty cents per day at the end of each week, and accepted that amount as his compensation, without protest.   It appears, however, without dispute, that the plaintiff's attention was never called to the words " in full payment for services rendered by me," which were embodied in the general receipt at the head of the pay roll; that he simply accepted what was handed to him each week, and thereupon signed a pay roll, but never knew its contents.   No point was made upon this head in the court below, doubtless because of the fact to which we have just referred.   The case was submitted to the jury, without a word as to this receipt, solely upon the question as to what in fact was the prevailing rate of wages.   The defendant cannot, therefore, now raise the question.   There was no dispute as to the amount actually paid to the plaintiff.   He received three dollars and fifty cents per day, and he receipted for that sum.   That was what he intended to acknowledge, and all he intended, when he signed the pay roll.   He did not receive this three dollars and fifty cents per day in full payment for the services rendered by him, because the law guaranteed to him four dollars per day for those services, and the greater sum would not be paid in full by the lesser sum.   And, further, the plaintiff never intended to waive his statutory right or to release the defendant from its legal obligation to pay him the prevailing rate of wages.   He receipted for what it had agreed to pay him, not for what it was bound to pay him.   The defendant's counsel undoubtedly acquiesced in this view, as already suggested, since by no motion, request or suggestion did he raise the point below, or ask any ruling from the court, or verdict from the jury thereon.

The judgment and order appealed from were right, and should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Judgment and order affirmed, with costs.