## McGRAW v. CITY OF GLOVERSVILLE.

(Supreme Court, Appellate Division, Third Department.   July 6, 1898.)

CITY EMPLOYES—EXTRA COMPENSATION.
   Under Laws 1870,. c. 385, amended by Laws 1894, c. 622, providing that eight hours shall constitute a legal day's work for all classes of laborers, including employés of a city, except those engaged in farm and domestic labor, but overwork for extra compensation by agreement is permitted, and that such employés shall not receive less than the prevailing rate of wages for such labor in their locality, a janitor employed by a city, who received the prevailing rate of wages, cannot recover for overwork willingly done without agreement for extra compensation.

Appeal from judgment on report of referee.

Action by William McGraw against the city of Gloversville. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Clark L. Jordan, for appellant.
Frank Talbot, for respondent.

LANDON, J. The plaintiff, a citizen of the United States, was employed by the defendant, a municipal .corporation. as janitor and care taker of its city building, and he rendered services as such in and about such building, pursuant to his employment, from May 10, 1894, to October 31, 1896, and was paid therefor every two weeks at the rate of $1.50 per day, which he received, without making claim for more until after his whole period of service had expired. The

referee has found that the prevailing rate of wages in said city during this time for laborers of the same class as the plaintiff was $1.50 per day of 10 hours. We do not understand this to mean of the class of janitors, but of men of the plaintiff's laboring capacity. His services consisted in opening and closing the building, lighting the offices and extinguishing the lights, taking care of the fires, sweeping the floors and the sidewalks about the building, and doing other work incidental to the proper care of the building. He actually worked in such service $12\frac{1}{2}$ hours each day, and this period of daily service was necessary for the proper discharge of his duties. He brought this action to recover compensation for the extra hours of service in excess of eight hours per day, basing his right to recover upon chapter 385, Laws 1870, amended by chapter 622, Laws 1894:

Section 1: "On and after the passage of this act, eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers, except those engaged in farm and domestic labor; but overwork for an extra compensation by agreement between employer and employé is hereby permitted."

Section 2. "This act shall apply to all mechanics, workingmen and laborers now or hereafter employed by the state, or by municipal corporations therein, through its agents or officers, or in the employ of persons contracting with the state or such corporation for performance of public works."

Sections 3 and 4 provide for the punishment of violations and evasions of the provisions of this act. In 1894 the legislature amended section 2 of the foregoing act by adding thereto the following provision: "And all such mechanics, workingmen and laborers so employed shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen and laborers are employed in said locality;" and a provision requiring the employment of citizens of the United States.

The judgment should be affirmed upon the authority of McCarthy v. Mayor, etc., 96 N. Y. 1, which holds that there is nothing in the act of 1870 "to interfere with the question of the rate of compensation to be paid for labor, but left it in terms to the agreement of the parties," and that "neither extra labor can be required nor extra compensation demanded except in the case of an agreement therefor previously made by the parties," unless the addition to section 2, made in 1894, and above quoted, changes the law. The plaintiff did not "receive less than the prevailing rate of wages" in said city, but he wrought more than eight hours per day. This he was willing to do. No constraint was placed upon him; indeed, the evidence justifies the inference that he was willing to continue his service at the same pay and hours of labor. Will the law interfere after a willing service has been rendered and paid for, pursuant to the understanding of both parties, and to their satisfaction, and compel further payment? We think not in case the laborer is of mature age, and not under the constraint of his employer. The statute may be construed as expressing the contract between the parties when it is not expressed by themselves or implied by their acts, but not as impairing the obligation of such lawful contracts as they are competent to make, and which they have fully executed and satisfied according to their mutual understanding. We have not overlooked McMahon v. City of New

York, 22 App. Div. 115, 47 N. Y. Supp. 1018. We do not think the plaintiff is one of the laborers contemplated by the statute.

The judgment should be affirmed, with costs. All concur.