McLAUGHLIN, J. (dissenting). I dissent. The sale was by sample, and the rice from which the sample was taken was in existence. The plaintiff is entitled to the benefit of his contract. He acted honorably with, and did not practice a fraud upon, the defendant, and has recovered no more than he is entitled to. He offered the best proof as to the damages which was available.

The judgment is right, and should be affirmed.

---

(121 App. Div. 180)

### BURNS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. MUNICIPAL CORPORATIONS—POWERS—NOTICE.

One dealing with a municipal corporation is presumed to know what its powers are, and, if he performs services for it beyond its powers to contract therefor, he cannot recover compensation.

2. SAME—HOURS OF LABOR—STATUTES.

The Legislature may determine the number of hours which shall constitute a day's work for a municipal corporation, and prohibit it from making a contract for the performance of services for a greater number of hours in any one day.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 159.]

3. SAME.

Labor Law, Laws 1897, p. 462, c. 415, § 3, as amended by Laws 1899, p. 1172, c. 567, providing that eight hours shall constitute a legal day's work, except that an agreement for overwork may be entered into, except on work for a municipal corporation, amends all municipal charters, and prohibits a city from contracting for extra services, and an employé cannot recover for services beyond eight hours per day.

Appeal from Municipal Court of New York.

Action by John T. Burns against the city of New York. From a judgment of the Municipal Court, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Francis A. McClosky, for appellant.

James D. Bell (Edward H. Wilson, on the brief), for respondent.

WOODWARD, J. The pleadings in this case were oral. The plaintiff stated his cause of action to be that he was an employé of the city of New York, that under an agreement with the city he rendered services beyond eight hours each day, that these services were reasonably worth 50 cents an hour, that the city promised to pay therefor, and that it has not paid; and, secondly, that he was an employé of the city, that as such employé he rendered these extra services for the city, that the city accepted and became the beneficiary of them, that these services were reasonably worth the sum of 50 cents an hour, and that no part has been paid. On motion of defendant the complaint

was dismissed, the court refusing to state its grounds for such action.

Persons dealing with a municipal corporation are presumed to know what its powers are, as these are conferred by legislative act and recorded in a manner accessible to all (20 Am. & Eng. Ency. of Law, 1142); and, if the plaintiff has performed services for the city of New York beyond the powers of the municipality to contract for, he is not in a position to assert a claim for such services. We are of the opinion that it is competent for the Legislature of the state, with its power of the creation of municipal corporations, to determine the number of hours which shall constitute a day's work, and to prohibit the corporation from making any contracts, expressed or implied, for the performance of services for a greater number of hours in any one day. Section 3 of the labor law (Laws 1897, p. 462, c. 415, as amended by chapter 567, page 1172, of the Laws of 1899) provides that:

"Eight hours shall constitute a legal day's work for all classes of employés in this state except those engaged in farm and domestic service unless otherwise provided by law. This section does not prevent an agreement for overwork at an increased compensation except upon work by or for the state or a municipal corporation or by contractors or subcontractors therewith."

Here is a clear inhibition directed against the state or municipal corporations. It has the same effect as though the Legislature had enacted the Greater New York charter on the condition that it should not have the power to contract for a greater length of service than eight hours per day. If this provision had been contained in the charter of the city of New York, it would hardly have been suggested that it was unconstitutional, and the plaintiff would have had no cause to complain if he was denied the right to recover upon his alleged contract. The labor law acts merely as an amendment of all municipal charters in this respect, and, the municipality having no power to contract for the extra services, no constitutional right of the plaintiff is involved in the refusal of the defendant to pay him for his alleged extra services. He knew that the city of New York had no authority to make such a contract, and, not having the power, it cannot be charged with the obligation.

The judgment appealed from should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.