ROMUALD T. THIBAULT v. NATIONAL TEA COMPANY.[1]

November 6, 1936.

No. 30,954.

*J. H. Whitely,* for appellant.
*Clarence O. Tormoen,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the judgment of dismissal on the merits entered upon findings which the court refused to amend. The facts found are in substance: Defendant, a corporation, operates a number of retail stores in Duluth, in one of which plaintiff entered

[1]Reported in 269 N. W. 466.

as a student manager on June 4, 1931, and worked until July 3, 1931, for the agreed salary of $20 per week, which from last named date was raised to $25 per week until August 21, 1931, when he was made manager at the weekly salary of $30, and served as such until July 9, 1932, when the employment terminated. He was paid the stipulated salary at the end of each week. During all of the time plaintiff worked for defendant 13 hours each day on an average, "but defendant at no time compelled plaintiff to work more than ten hours in any one such day." During the employment plaintiff never requested of defendant, and the latter never promised to pay plaintiff, extra pay for said hours plaintiff worked in excess of ten hours a day. The reasonable value of the time in excess of ten hours was 50 cents an hour, if there had not been the agreement for a stipulated salary per week. The conclusion of law was for judgment of dismissal on the merits with costs.

Two clauses in the findings of fact and also the conclusion of law are attacked by the assignments of error. The cause of action is based upon this allegation of the complaint: "That from the 4th of June, 1931, to the 17th day of July, 1932, plaintiff was employed for wages by the defendant at Duluth, Minnesota, as a salesman in its stores for a standard working day of ten hours each and during said period he was compelled to work for the defendant over and above ten hours per day for a total of 1,120 hours." On the issue thus tendered the court made these findings which are attacked as unsupported: "defendant at no time compelled plaintiff to work more than ten hours in any one such day." And the other clause in the same finding likewise assailed is: "said plaintiff never requested of said defendant and said defendant never promised to said plaintiff extra pay for said hours so worked by plaintiff for defendant in excess of ten hours a day." Both these clauses in the findings are in response to the issue directly presented by the complaint and denied by the answer. An attentive reading of the record fails to find any ground for claiming that defendant compelled plaintiff to work more than ten hours. No doubt, in plaintiff's position, as manager of a store, he desired to do that which he deemed would further the business of the store

even if he worked extra hours to that end. But there is no evidence of compulsion on the part of defendant by threat of discharge or otherwise to obtain of plaintiff more than a ten-hour service. And surely not even an inference can be drawn of a promise to pay plaintiff for overtime.

It is evident, both from the complaint and the assignment of error in respect to the conclusion of law, that plaintiff bases a recovery solely upon 1 Mason Minn. St. 1927, § 4087, reading:

"Unless a shorter time be agreed upon, or be provided by law, the standard day's work shall be ten hours. Every employer and other person having control who shall compel any person to labor more than ten hours in any one day, shall be guilty of a misdemeanor; but persons of sixteen years of age and over, unless expressly forbidden by law, may labor extra hours for extra pay; and this section shall not apply to farm laborers, to domestic servants employed by the week or month, or to persons engaged in the care of live stock."

We think this statute must be construed as permitting an adult workman to agree to work in any employment a longer or shorter period than ten hours each day for any compensation acceptable to him. There are certain employments that are regulated by other statutes, as for instance, §§ 4088, 4089, 4091, and 4092. In this instance plaintiff was employed in a certain capacity, not by the hour or by the day, but by the week on a weekly salary or wage. He was paid the sum agreed upon at the end of each week and receipted in full for a week's work. It is not reasonable to construe this statute so as to give a workman a cause of action for overtime when his agreed compensation for the full period has been received. Every moment of his work was spent under the single contract of employment for a stipulated price for the whole week. Under similar facts recovery for overtime by virtue of statutes fixing the duration of a standard working day has been denied. Luske v. Hotchkiss, 37 Conn. 219, 9 Am. R. 314; Grisell v. Noel Brothers F. F. Co. 9 Ind. App. 251, 36 N. E. 452; Bachelder v. Bickford, 62 Me. 526; McCarthy v. Mayor of City of New York, 96 N. Y. 1, 48

Am. R. 601; Vogt v. City of Milwaukee, 99 Wis. 258, 74 N. W. 789; United States v. Martin, 94 U. S. 400, 24 L. ed. 128; Plummer v. Pennsylvania R. Co. (C. C. A.) 37 F. (2d) 874. It is true that in Bachelder v. Bickford, 62 Me. 526, 527, a recovery was sustained, but the facts were wholly different from those here present. The plaintiff in that case was engaged to work as a miller at eight shillings per day, payable weekly; that at times it was necessary to run nights, and it was customary when a man wrought all night to lay him off the next day, the nightwork counting for a day; that the plaintiff during his engagement worked 32 nights without a layoff the following days; and that, at a settlement for the work, he demanded but was refused pay for those nights. The court said that this statute, which provided: "that in all contracts for labor, ten hours of actual labor shall be a legal day's work, unless the contract stipulates for a longer time," was applicable. "And if the laborer works nights, after his legal day's work is done, at the request of his employer, and for his benefit, the law implies a promise on his part to pay for such labor." Plaintiff cites Wright v. State, 223 N. Y. 44, 119 N. E. 83; but that decision was based upon a statute relating to state employes which, in addition to standardizing their workday, attempted to secure to them the prevailing wage. Our § 4087 is not intended to achieve either purpose. We consider the findings of fact warrant the conclusion of law.

In our consideration of the appeal we have had no occasion to doubt the constitutionality of the statute. Nor do we think its wording is so like the Utah statute on the subject that it must be so construed that, if the employer is guilty of its violation, the employe who is compelled to work overtime is *particeps criminis,* and hence cannot recover. Short v. Bullion-Beck & Champion Min. Co. 20 Utah, 20, 57 P. 720, 45 L. R. A. 603.

The judgment is affirmed.