CLARENCE TANNER, Respondent, v. IMPERIAL RECREATION PARLORS, INC., Appellant.

Fourth Department, January 6, 1943.

*Edward T. Boyle* for appellant.

*J. Irving Lynch* for respondent.

DOWLING, J. At the times hereinafter mentioned the defendant operated a restaurant, saloon and a recreation business in a large building located on Genesee street, Auburn, N. Y. In or about 1934 or 1935, the defendant hired the plaintiff as the janitor, fireman and night watchman in said building "to work seven days a week" at the agreed sum of twenty-one dollars per week, payable on Friday of each week. The plaintiff agreed to work from eleven-forty-five P. M. to seven A. M. on weekdays and to eight A. M. on Sundays. The plaintiff entered upon the per-

formance of said agreement and continued therein for six or seven years, terminating his employment in January, 1941. The defendant operated its restaurant business for seven days per week. The plaintiff's employment on Sundays was necessary in the operation of the defendant's business.

By chapter 282 of the Laws of 1937, effective July 1, 1937, the Legislature amended section 161, article 5, of the Labor Law, which provided that employees in certain kinds of business enterprises should have one day of rest in seven, so as to include within its provisions employees in restaurants. By chapter 676 of the Laws of 1938, effective April 11, 1938, the Legislature amended paragraph a of subdivision 2 of section 161 so as to include within its provisions janitors and night watchmen. Subdivision 3 of section 161 provided, in substance, that before operating on Sunday, every employer shall conspicuously post on the premises a schedule containing a list of his employees permitted to work on Sunday and designating a day of rest for each. The defendant did not post the required notice on its premises until December, 1941.

The plaintiff, without protest, worked seven days per week until the latter part of 1940 when he requested the defendant to give him a day of rest each week. The defendant granted his request. During the entire period of employment, the plaintiff accepted his pay each week without protest, claimed no additional compensation for overtime, never suggested to the defendant that he expected to be paid for double time on Sunday unless he were given one day of rest in seven. The plaintiff made no protest because the notice required by subdivision 3 was not posted in the defendant's building and he makes no claim now that the defendant compelled him to work by intimidation or threat of any kind or that the defendant, under promise of additional compensation, increased his duties or induced him to forego his one day of rest in seven.

After leaving the defendant's employ, the plaintiff instituted this action to recover from the defendant the sum of $476 with interest from December 1, 1940. The complaint alleges, in part, that from July, 1937, to December 1, 1940, at the request of the defendant, the plaintiff worked without receiving one day of rest in seven or payment for extra work and that the defendant failed to post the notice required by subdivision 3 of section 161 of the Labor Law and " that from the 11th day of April, 1938, to the 1st day of December, 1940, plaintiff performed extra and additional work for defendant by working a total of 136 Sundays,

for which he has not been paid; that the fair and reasonable value of plaintiff's services to defendant for said extra and additional work, is the sum of Three Dollars and Fifty Cents for each day, a total of Four Hundred and Seventy-six Dollars." The complaint alleges no fraud, duress, mistake of law or fact or bad faith.

The answer denies certain material allegations of the complaint and sets up as affirmative defenses payment in full and that the plaintiff is not the proper party to prosecute this action and that the alleged violation of the statute gives him no right of action as an individual. The issues thus joined were tried before a jury which found for the plaintiff in the sum of $476. From the judgment entered upon said verdict the defendant has appealed.

Section 161, article 5, of the Labor Law provides in part: " 1. Every employer operating a * * * restaurant * * * shall * * * allow every person employed in such establishment * * * at least twenty-four consecutive hours of rest in any calendar week." " 3. Before operating on Sunday, every employer shall conspicuously post on the premises a schedule containing a list of his employees permitted to work on Sunday, and designating a day of rest for each, and shall file a copy of such schedule with the commissioner. The employer shall also promptly file with the commissioner a copy of every change in the schedule. No employee shall be permitted to work on his designated day of rest."

The plaintiff has recovered on the theory that by failing to post the notice required by subdivision 3 and by failing to give the plaintiff one day's rest in seven, the defendant obligated itself to pay the plaintiff for an extra day on Sunday of each week for a period of 136 weeks. Under the statute, the employer was required to allow the employee one day's rest in seven in each calendar week. The employer was also required, if he desired to operate on Sunday, to designate a day of rest for the employees who were to work on Sunday which day was manifestly not to be Sunday. If the business was not operated on Sunday, of course, Sunday was the day of rest envisioned by the statute. The employee had nothing to say as to what day should be allowed him for rest. The employee might, under the statute, make any contract he saw fit as to hours and wages. The employee was not forbidden to work on his day of rest. The statute simply prohibited the employer from permitting the employee to work for him on his designated day of rest.

The defendant violated subdivision 3 of the statute by failing to post the required notice and to designate a day of rest for the plaintiff during each calendar week. Subdivision 6 of 161 provides "In case of violation of any of the provisions of this section, the commissioner shall issue an order directing compliance therewith, and upon failure so to comply shall commence a prosecution as provided by law." The statute gives to the employee no right of action for a violation of any of its provisions and it fixes no penalty which the employee may sue to recover.

The plaintiff never repudiated the contract which he made with the defendant. He apparently was satisfied to work seven days a week and to receive his pay for a full week. The statute makes no provision for compensation to employees on their days of rest. The decision below compels the defendant to give to the plaintiff eight days pay for seven days work, all in violation of their contract. The defendant paid the plaintiff all that it agreed to pay. If the defendant had given the plaintiff a day of rest in each week, the plaintiff would have received no compensation for his days of rest and he would have been paid for six days instead of seven. The recovery here is not for unpaid services but is in the nature of a penalty imposed upon the defendant for having violated the statute. No such action is given to the employee under the statute or at common law. (*Jessup* v. *Carnegie,* 80 N. Y. 441, 456.) Had the plaintiff taken his day of rest each week, the defendant would have been obliged to replace him with another man and pay that man for the day or to transfer another employee to the plaintiff's job on each rest day. The plaintiff lost nothing by working seven days each week except the enjoyment which he might have had had the defendant designated days of rest for him. He makes no claim that the loss of days of rest adversely affected his health. The breach of the statute complained of here was not in compelling the plaintiff to work beyond six consecutive days, but in failing to comply with the safeguards provided by the statute for his protection. (*People* v. *Eberhart,* 171 App. Div. 458; affd., 220 N. Y. 709.) The statute relates to the health of the worker and not to his compensation.

The plaintiff worked seven days a week freely and without any restraint. He has received the compensation agreed on. During his long employment he made no complaint as to hours or wages. Nor did he indicate that he would make claim for additional compensation for the loss of his days of rest. Under such circumstances the law will not intervene to compel further payment. (*McGraw* v. *City of Gloversville,* 32 App. Div. 176,

178.) Under the statute the defendant could not compel the plaintiff to work more than six days per week. The plaintiff, on the other hand, could not recover extra pay for working seven days a week in the absence of an agreement to that effect. (*McCarthy* v. *Mayor, etc., of N. Y.,* 96 N. Y. 1, 7, 8.) (See, also, *Hurt* v. *Edgell,* 147 Kan. 234 and *Thibault* v. *National Tea Co.,* 198 Minn. 246.) The fact that the plaintiff may not have been aware of his right to a day of rest in each week is immaterial. A mistake of law availed him nothing. (*Newburgh Savings Bank* v. *Town of Woodbury,* 173 N. Y. 55, 61.) (That rule has been changed since the trial of this action, see § 112-f, Civ. Prac. Act.)

The case of *Bachelder* v. *Bickford* (62 Me. 526), relied on by the plaintiff, is distinguishable on the facts. In that case the laborer worked nights at the request of his employer and after his legal day's work (10 hrs.) had been finished. In the light of these facts, the court held that the laborer was entitled to recover. In the case before us, the defendant never requested the plaintiff to work overtime and never told the plaintiff that he could not have a day of rest each calendar week.

We are unable to see how the plaintiff could work on Sunday at his regular occupation, be paid for doing that work and yet recover on the theory that he had not been paid. We fail to see by what right the plaintiff arbitrarily selected Sunday as the day on which to predicate his demand for extra services in as much as the defendant might have designated Sunday as his day of rest.

We think the plaintiff failed to establish a cause of action and that the motion to direct a verdict of no cause for action should have been granted.

The judgment should be reversed on the law with costs, and the complaint should be dismissed, with costs.

All concur, except HARRIS, J., who dissents and votes for affirmance. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment reversed on the law with costs, and complaint dismissed, with costs.