HAROLD J. LIVINGSTON et al., Plaintiffs, *v.* TODD SHIPYARDS CORPORATION, Defendant.

Supreme Court, Special Term, New York County, March 25, 1946.

*Jules Haberman* and *Robert B. Lisle* for defendant.

*Joseph K. Guerin* and *Herbert Goldmark* for plaintiffs.

DINEEN, J. Motion to dismiss the second and third causes of action of each of the plaintiffs for insufficiency is granted.

The second causes of action seek to establish a right of recovery under the Federal Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). Precisely the same attempt was made by other employees of the defendant in the case of *Timony* v. *Todd Shipyards Corporation* (59 F. Supp. 779) where the complaint was dismissed on motion on the ground that the allegations charging violation of the Fair Labor Standards Act were " ' plainly wanting in substance ' ". The order was affirmed by the United States Circuit Court of Appeals on the opinion below (151 F. 2d 336) and certiorari was denied by the Supreme Court of the United States (327 U. S. 779).

It is urged that the case cited is not binding on this court (*People ex rel. Ray* v. *Martin*, 294 N. Y. 61, 73). That is immaterial for I entirely agree with the conclusion reached by the Federal courts.

The third causes of action seek, on the same facts, to found a recovery on the Labor Law of the State. But that statute gives the plaintiffs no right of recovery (*Tanner* v. *Imperial Recreation Parlors, Inc.,* 265 App. Div. 371, affd. 290 N. Y. 801). Order signed.