## TULLY et al. v. JOSHUA HENDY CORPORATION.

### Civ. No. 5931.

United States District Court
S. D. California
Central Division.

July 28, 1948.

---

[1] $1.83 x 1½ x 3 x 25 — $149.63
$1.748 x 1½ x 3 x 63— 495.56

$645.19

Mohr & Borstein and Weinstein, Bertram & Vogel, all of Los Angeles, Cal., for plaintiffs.

Thelen, Marrin, Johnson & Bridges and Samuel S. Gill and Robert H. Sanders, all of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

The plaintiffs, approximately fifty-six in number, after having eliminated those subsequently dismissed from the case, designated as maintenance electricians, marine electricians, stationary engineers, operating engineers, mechanical maintenance employees, tool room attendants, tool room mechanics, warehousemen, issue and receiving clerks and employees in various other crafts and capacities, by a first amended complaint, as amended, have instituted this action against the California Shipbuilding Corporation, a corporation, subsequently changed to the Joshua Hendy Corporation, a corporation, under the Fair Labor Standards Act of 1938, Public No. 718, 75th Cong., Ch. 676, 52 Stat. 1060–1069. 1938, 29 U.S.C.A. §§ 201–219, to recover overtime wages, liquidated damages and attorneys' fees for work performed within three years last past the date of the filing of the complaint herein on November 5th, 1946, under conditions which will be hereinafter stated.

■ Jurisdiction of this action is conferred upon this court, subject to the Portal-to-Portal Act, infra, by Sec. 16(b) of the Act, and by Sec. 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8).

The defendant is a corporation organized under the laws of the State of California, authorized to do business therein, and has its principal place of business in Los Angeles County, California.

■ Counsel for both sides have stipulated that at all times during the employment by defendant of the plaintiffs herein, and until October 27th, 1945, the defendant produced ships under contracts with the

United States Maritime Commission. Upon the completion of each ship, it was delivered, pursuant to said contracts, to the United States Maritime Commission at its shipyard at Terminal Island, County of Los Angeles, State of California; and, following the delivery of each ship, it was sent by the United States Maritime Commission from the State of California to points outside of the State of California. The court finds, in view of this stipulation, that the employees of the defendant corporation were engaged in the construction of ships for commerce under subdivisions (b), (i) and (j) of Sec. 203 of Title 29 U.S.C.A. See opinion of Judge McCormick in 5870–M Civil, Mills v. Joshua Hendy Corporation, D.C., 79 F.Supp. 709 and opinion of Judge Yankwich in 6176–Y Civil, Devine v. Joshua Hendy Corporation, D.C., 77 F. Supp. 893 and Adams v. St. Johns River Shipbuilding Co., D.C., 69 F.Supp. 989.

The amended complaint, as amended, alleges that the plaintiffs substantially were credited with having worked forty-eight hours or more per week, for forty hours of which they were paid at straight time, and, for all hours in excess of forty hours, they were paid at the rate of time and one-half. In addition to said forty-eight hours or more for which they were credited and paid, it is alleged that the plaintiffs worked one-half hour each day, or three hours or more each week, for which they were not credited, and for which they received no compensation whatsoever; and plaintiffs are claiming damages in a sum equal to one and one-half times the regular rate at which each employee was employed and for which he was compensated, times three or more hours for each week of his employment and for which he was not paid, plus an equal amount as liquidated damages.

Pursuant to stipulation of counsel for the respective parties, the issue has been narrowed down to the claim for overtime compensation during the lunch period of the three shifts, it being the contention of the plaintiffs that, generally speaking, while the plaintiffs ate their lunch, they were subject to duty and interruptions, and frequently did perform duties while on their lunch period; and the only issue before this court for determination is whether or not they are to be compensated for this one-half hour lunch period per day for the number of lunch periods alleged to have been worked, in the light of the Portal-to-Portal amendment, infra; and, the court, in rendering this decision, will assume that the testimony of the plaintiffs is generally true that while on their thirty minutes' lunch period they were generally at their posts of duty, and, on occasions, did perform duties during their lunch periods, and for which they are now claiming compensation for the first time.

Portal-to-Portal Act of 1947, 29 U.S. C.A. § 251 et seq.:

While the Fair Labor Standards Act is to be liberally construed to accomplish its purpose, Walling v. Rutherford, 10 Cir., 1946, 156 F.2d 513, nevertheless, in order to reach a proper decision in this case, it is necessary for this court to take into consideration the provisions of the Portal-to-Portal Act of 1947, which amended the Fair Labor Standards Act, to ascertain if, in the court's opinion, it bars the right of recovery to the plaintiffs in this case.

Section 252 of Title 29 U.S.C.A. reads as follows:

"Relief from certain existing claims under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, and the Bacon-Davis Act.

(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act (in any action or proceeding commenced prior to or on or after May 14, 1947), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to May 14, 1947, *except an activity which was compensable by either—*

*(1) An express provision of a written or nonwritten contract in effect, at the time of such activity,* between such employee, his agent, or collective-bargaining representative and his employer; or

*(2) A custom or practice in effect, at the time of such activity,* at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten

712

contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.

(b) For the purposes of subsection (a) of this section, an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was made compensable.

(c) In the application of the minimum wage and overtime compensation provision of the Fair Labor Standards Act of 1938, as amended, of the Walsh-Healey Act, or of the Bacon-Davis Act, in determining the time for which an employer employed an employee there shall be counted all that time, but only that time, during which the employee engaged in activities which were compensable within the meaning of subsections (a) and (b) of this section.

(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding whether instituted prior to or on or after May 14, 1947, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment *with respect to an activity which was not compensable under subsections (a) and (b) of this section.*

(e) No cause of action based on unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, which accrued prior to May 14, 1947, or any interest in such cause of action, shall hereafter be assignable, in whole or in part, to the extent that such cause of action is based on an activity which was not compensable within the meaning of subsections (a) and (b) of this section." (Italics supplied.) May 14, 1947, c. 52, Sec. 2, 61 Stat. 85.

■ This Portal-to-Portal Act of 1947 is being held to be constitutional by this court. See Memorandum Decision of Judge McCormick in case No. 5870–M Civil, Mills v. Joshua Hendy Corporation; Opinion by Judge Yankwich, dated April 30, 1948, in case No. 6176–Y Civil, Devine v. Joshua Hendy Corporation, and minute order of Judge Hall in 569 Civil, Nor. Div., Howard Goddard v. United States Vanadium Corporation; also see Kline v. Burke Construction Co., 260 U.S. 226, 43 S. Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

In Shepler et al. v. Crucible Fuel Co. of America et al., D.C.W.D.Pa.1943, 60 F.Supp. 260, the court held that a claim for compensation by night watchman and by landing men on a floating dock covering lunch period was not a claim for "wages" under the Fair Labor Standards Act, *as the court found no provision therein for payment of wages for a lunch period.* (Italics supplied.) It is not clear from the above decision that the men actually worked in that case during their lunch period, and it may be that they were claiming compensation therefor while they were eating lunch and were not working, but this court relies upon this decision as persuasive authority for the proposition that a lunch period, as such, is not compensable under the Fair Labor Standards Act.

■ Under Sec. 2(a) (2), (b) of the Portal-to-Portal Act, supra, while an activity shall be considered as compensable under a contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was made compensable, and this contract in suit would come within this provision, *as to the time the duties were to be performed,* nevertheless, the activities thereunder must, to be compensable, be either by (1) an express provision of a written or non-written contract or (2) a custom or practice in effect at the time of such activity.

In this case the plaintiffs have never heretofore been paid by the defendant corporation for their lunch periods, and counsel have agreed that the work performed during the lunch periods was not performed under a custom or practice in view of there being a written contract therefor. Furthermore, there was no express provision of a written or non-written contract in effect during the periods for which plain-

tiffs claimed compensation between them, their agent or their collective bargaining representative and the defendant, providing that the activity or activities for which they claim compensation were compensable for the portion of the day for which they claim such compensation, i. e., the lunch period of thirty minutes for the days they worked, but the contract which they signed is specific that *the men were to have thirty minutes for lunch on their own time.*

My learned associate, the Honorable Leon R. Yankwich, in interpreting that portion of Secs. 4 and 5 of the contract which the plaintiffs had with the defendant providing for "thirty minutes for meals on the employees' time," in the light of the Portal-to-Portal Amendment to the Fair Labor Standards Act, in his opinion in case No. 6176-Y, Devine et al. v. Joshua Hendy Corporation, while he seems to infer that such time *might* be compensable if the employee could prove that such time was actually worked at the request of the employer, and that such time was *substantial,* has this to say [77 F.Supp. 906]:

"In brief, I am of the view that no one—be he ordinary worker, leadman or foreman—should recover for any lunch time which was not used. The evidence in the case shows that in most instances, when the workmen could not go to lunch at the regularly designated hour, they took time off for lunch at a later hour. There is no evidence that anyone, whether he had his lunch at the regular time or at another time, was ever told to return in less than 30 minutes, which the contract with the Union allowed for lunch on the employee's time.

There is no evidence that any person was interfered with at the time he had his lunch. To the contrary, it is clear that most of the men walked away from the place where they were working and took their usual time for lunch.

But conceding that some of the men, who could not have their lunch at the regular time, contented themselves—as most of us do, with a sandwich and a glass of milk—I do not think the court would be warranted in awarding to anyone who testified in this court, any time for lost lunch time, or for reduced lunch time. All claims of the 29

in that respect will, therefore, be disallowed."

For a contra decision holding a lunch period compensable (under a different state of facts), see 5870-M Civil, Mills v. Joshua Hendy Corporation, D.C., 79 F.Supp. 709 written by Judge McCormick.

The court in this instant case heretofore stated that if the plaintiffs had any evidence to show that they were directed to work during the noon hour and did perform services (substantial services), in accordance with the terms and provisions of the contract, they were entitled to be paid therefor, but that they would be bound by the terms of the contract; and, while the evidence does show that some services were performed during the lunch period, the men were in much the same position as those in the case decided by Judge Yankwich, and used their lunch period in much the same way. The court concludes, therefore, in accordance with the Portal-to-Portal Act, that these services are not compensable and would also come under the de minimis non curat lex rule.

The contract in this case called for a thirty minutes lunch period on the employees' own time, which the men were familiar with (not compensable under the Fair Labor Standards Act, as such); and, on those occasions when the men did perform work during the noon hour, the men knew, or should have known, the provisions of their contract. If the men generally preferred to remain at their places of duty and occasionally rendered services to their employer at lunch time, it was a voluntary service, not called for by their contract, and, therefore, not compensable either by contract, custom or practice, the employees never in the past having had compensation therefor prior to the Portal-to-Portal Act.

Facts in this action were in dispute. However, the plaintiffs will find encouragement in the recent decision of the Ninth Circuit Court in Re Home Indemnity Co. of New York v. Standard Acc. Ins. Co. of Detroit et al., 167 F.2d 919, 930, wherein the Circuit Court stated:

"The first two of these findings are inferences from undisputed testimony or doc-

714

umentary evidence, from which we are in as good a position to draw deductions as was the court below."

In other words, the opinion clearly indicates that the Ninth Circuit Court may retry the case on disputed facts, and this decision is binding upon this court.

Even under the decision of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, which it was the purpose of the Portal-to-Portal Act to counteract, negligible time spent in the preparation for, or going to or from work, was held to be non-compensable, under the de minimis non curat lex rule, and, a fortiori, under the Portal-to-Portal Act, occasional time spent for the employer's purposes during the lunch period is also non-compensable, in the light of the express contract provision in this case.

The court, after a full hearing and mature reflection, finds itself without jurisdiction under the Portal-to-Portal Act, supra, to render judgment in favor of the plaintiffs herein, and this action is accordingly ordered dismissed. Counsel for the defendant will prepare findings of fact and conclusions of law, and a judgment, in accordance with this opinion, within ten days, after submitting same to counsel for the plaintiffs for approval as to form.