M. Henry Martuscello, J.
Plaintiffs move for summary judgment upon the ground that there are no triable issues of fact, and the defendant cross-moves for the same relief.
Plaintiffs seek to recover compensation for overtime work allegedly performed by them as auto mechanics and machinists in the employ of the Department of Sanitation of the City of New York. They claim that the city compelled them to work 45 minutes overtime each workday during the past six years 'without compensating them therefor and accordingly owes to each of them “ unpaid wages of $4500.” The defendant denies the claim thus made and moreover alleges that the plaintiffs were fully paid for all work performed by them during the time mentioned in the complaint and that any overtime work as claimed by them was not compensable in law or equity.
The rights and obligations of the parties are regulated and measured by statute. As machinists or mechanics engaged in public work, plaintiffs were required to work eight hours daily and the city was under a statutory duty to pay them wages therefor at such rates as were fixed by the Comptroller of the City of New York. The city, however, was prohibited from permitting or requiring them to work more than eight hours a day except in cases of extraordinary emergency or upon dispensation by the Industrial Commissioner, in which case overtime work would be compensable at premium wage rates. (Labor Law, § 220; McAvoy v. City of New York, 52 App. Div. 485, affd. 166 N. Y. 588; Burns v. City of New York, 121 App. Div. 180.)
Plaintiffs do not claim that the work in question was performed because of any emergencies or pursuant to any dispensation by the Industrial Commissioner. Their complaint proceeds on the theory that the statutory time allowance for their noonday meal was included within the framework of the statutory workday and that any service rendered after the eighth hour of each day was compensable as overtime work.
There is no merit to the position thus taken. Section 220 of the Labor Law, among other things, provides that an employee engaged in public work shall not ‘ ‘ be permitted or required to work more than eight hours in any one calendar day ” except in cases of extraordinary emergency or upon dispensation by the Industrial Commissioner, without precisely defining “ work.” It cannot be assumed in the absence of a contrary legislative expression that the Legislature was therein referring to work other than as that word is commonly used — as meaning physical or mental exertion controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer *225 or Ms business. (Tennessee Coal Co. v. Muscoda Local, 321 U. S. 590, 598.) “ Work time ” therefore means such times
during which the employee is necessarily required to be on duty at his place of work. It does not, however, include a lunch period, where, as is the case here, the employee, during that period, though relieved of all duties and not restricted to the employer’s premises, nevertheless has his lunch at his place of employment because the time alloted therefor does not permit him to have such meal elsewhere without running the risk of disciplinary action or penalties for belated resumption of his work. (Shepler v. Crucible Fuel Co. of America, 60 F. Supp. 260; Tully v. Hendy Corp., 79 F. Supp. 709; Stock & Sons v. Thompson, 93 F. Supp. 213, affd. 194 F. 2d 493; Culkin v. Martin Nebraska Co., 97 F. Supp. 661, affd. 197 F. 2d 981.)
Even if their claim were valid, plaintiffs are chargeable with notice of the limitations upon overtime work as imposed by section 220 of the Labor Law, and therefore may not invoke the aid of the court to secure payment for work performed in violation of law. (Donovan v. City of New York, 33 N. Y. 290, 291; Burns v. City of New York, 121 App. Div. 180, supra.)
Plaintiffs finally contend that they are entitled at least to partial summary judgment on the ground that the defendant, without having obtained written approval therefor from the Industrial Commissioner, accorded them 30 minutes instead of 45 minutes for lunch, thereby violating section 162 of the Labor Law and entitling them to recover the value of 15 minutes thus lost each workday during the period mentioned in the complaint. Though there is no question that the defendant illegally denied them 15 minutes of lunchtime which they otherwise were entitled to, plaintiffs may not recover the value thereof since under the statute they are given no right of action for any violation thereof. (See Tanner v. Imperial Recreation Parlors, 265 App. Div. 371, 374.) Moreover, it should be noted that the loss of said 15 minutes was counterbalanced by their work time being correspondingly shortened in that they were permitted to leave their employment at 4:30 p.m. instead of 4:45 p.m. which would have been the quitting time if the full statutory lunchtime allowance had been accorded.
Plaintiffs’ motion is denied and defendant’s cross motion is granted.