R. B. COCHRANE and L. H. COCHRANE, partners, doing business under the firm style of Cochrane Brokerage Company, Appellants, v. EUGENE COTT, Respondent.

**Kansas City Court of Appeals, May 29, 1911.**

1. **ACCOUNT: Statute of Limitations.** An acknowledgment by letter of an existing indebtedness, which is guarded by a declaration of inability to pay it at any time, is not such a new promise as will take the claim out of the Statute of Limitations.

2. ———: ———. A letter which is vague and uncertain in its language, and which contains no unqualified and direct admission of an existing indebtedness, is not such a writing as will remove the bar of the Statute of Limitations which has run against an account.

Appeal from Jackson Circuit Court—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*Omar E. Robinson* for appellants.

(1) To take a case out of the Statute of Limitations, there should be either an express promise to pay or an acknowledgment of an actual subsisting debt, on which the law would imply a promise, and it will be sufficient if the party acknowledges the indebtedness, and that it remains unpaid, without any expression of willingness to remain bound. Goyd v. Hurlburt, 41 Mo. 264; Buckner v. Johnson, 4 Mo. 100; Elliott v. Leake, 5 Mo. 208; Kirkbride v. Gash, 34 Mo. App. 256. (2) It is not necessary, under the statute (R. S. 1909, sec. 1909), that

the party should acknowledge a willingness or promise to pay the debt; it is sufficient that he acknowledge that he owed the debt and that it remained unpaid. Chidsey v. Powell, 91 Mo. 622; Wells v. Hargrave, 117 Mo. 563; Wood on Limitations, sec. 68, p. 183.

*Jay Read* for respondent.

(1) "A promise to pay cannot be inferred from an expression of inability to pay." Crown v. Platt, 37 Mich. 131; Handcock v. Bliss, 7 Wend. 267. (2) All the authorities agree that to constitute a new promise so as to remove the statutory bar, there must be: First. An expressed written promise to pay the debt; or second. A written acknowledgment of a subsisting debt, so distinct and unequivocal in its terms as that a promise to pay may be reasonably inferred. Kirkbridge v. Bash, 34 Mo. App. 259; Chambers v. Rubey, 47 Mo. 99; Mastin et al. v. Branham, 86 Mo. 643; Monroe v. Herrington, 110 Mo. App. 509; Wells v. Hargrave, 117 Mo. 563.

BROADDUS, P. J.—Action for debt. The following statement made by appellants the respondent agrees to be correct. The plaintiffs were doing business as partners as a brokerage company in Kansas City, Missouri, and in 1904, the defendant, a resident of Kansas, was engaged in the business of a huckster. During May and June of 1904, the defendant purchased from the plaintiffs a certain amount of merchandise and there was due from him to the plaintiffs $603.03 on July 1st of that year. The defendant endeavored to pay a portion of the indebtedness with a check of $150 drawn on a Kansas City, Kansas, bank. This check was returned to plaintiffs on the 3d day of June, with the notation "Insufficient funds" endorsed thereon. Shortly thereafter defendant left his home in Kansas City, Kansas. Plaintiffs were unable to locate him until about July 1st, of the following year, 1905, when they learned that he was living in Omaha, Nebraska. They immediately wrote to him

and asked him to settle his account with them. As a re-
ply to this letter the defendant, on July 11th, wrote and
sent a letter to the plaintiffs, and this letter is relied
upon by plaintiffs to take the case from under the bar of
the Statute of Limitations. The letter reads as follows:

> "12th and Arbor, July 10, 1902.
> Omaha, Nebraska.
>
> Mr. R. B. Cochrane.
>
> Dear Sir:—Your letter to hand. Will say in reply
> I do not see how I can do anything for you now. You
> know I paid you as long as I could. I have been out in
> the country since March at work. I came home last week
> and went to peddling, me and my little boys. I have got
> my pony team and wagon and my license for one year and
> $22.45 to-night. What could I do with that? Water-
> melons are high here and always are, but I can't see how
> I could do anything with melons with no money to do
> anything with. I had hoped to make some money so I
> could come and pay you, but there has been no way to do
> it here since I have been home.
>
> Respectfully,
> E. COTT."

The plaintiffs immediately replied to this letter ad-
vising defendant that they did not want to take the last
cent from him and expressed sympathy for his financial
condition, and asked him not to forget them when he was
in a better condition.

The defendant subsequently and within six months
prior to the time suit was instituted against him . . . .
returned to Kansas City to live and this suit was insti-
tuted on February 10, 1910, within five years after the
letter above referred to was written by the defendant to
the plaintiffs. The judgment and finding of the court
were for defendant. Plaintiffs appealed.

The statute provides that: "In actions founded on
any contract, no acknowledgment or promise hereafter
made shall be evidence of a new or continuing contract,

whereby to take any case out of the operation of the provisions of this article, or deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing subscribed by the party chargeable thereby." [Section 1909, R. S. 1909.]

The letter of defendant in question cannot be construed as a promise to pay, but rather indicates that he will never be able to do so. The defendant describes his financial condition and shows his inability to pay then and without hope of being able to pay in the future. In that respect the case falls within the rule applied in Kirkbridge v. Gash, 34 Mo. App. 256, where it is said: "An acknowledgment of an existing indebtedness which is guarded by a declaration of inability to pay it at any time, is not such a new promise as will take the claim out of the Statute of Limitations."

It is said: "To take a case out of the Statute of Limitations there must be an acknowledgment of the debt, and an acknowledgment that the debt remains unpaid." [Elliott v. Leake, 5 Mo. 209.] Various cases are cited to aid the court in determining the question, but no two of them are alike, and for that reason afford us but little assistance. In Chidsey v. Powell, 91 Mo. 622, there was this expression by the debtor in a letter he wrote to his creditor, viz.: "I am very sorry that I cannot comply with your request to let you have some part of the debt I owe you." There was an express acknowledgment of the debt and that it was still unpaid. The court held as a matter of course that it was a sufficient acknowledgment of the debt to prevent the bar of the statute.

"An acknowledgment of indebtedness, in order to take a case out of the Statute of Limitations, must contain an unqualified and direct admission of a present subsisting debt on which the party is liable and willing to pay." [Chambers v. Rubey, 47 Mo. 99.] In a later case the Supreme Court is equally specific in formulating a rule by which the statute should be construed, viz.: "An acknowledgment, in writing, of a debt to remove the bar

of the statute, must, . . . contain an unqualified and direct admission of a present subsisting debt." [Wells v. Hargrave, 117 Mo. 563.] The St. Louis Court of Appeals announced the same rule in Monroe v. Herrington, 110 Mo. App. 509.

The letter in question contains no unqualified and direct admission of an existing indebtedness. On the contrary the language is vague and uncertain. The judgment is affirmed. All concur.