CLARA CORDIA ET AL., Appellants, v. M. C. MATTHES ET AL.—90 S. W. (2d.) 101.

Division Two, January 4, 1936.

Samuel Richeson and W. A. Brookshire for appellants.

*T. E. Francis* and *Woodward & Evans* for respondents.

WESTHUES, C.—Appellants filed a petition in the Circuit Court of Washington County, Missouri, against respondents to enjoin them from proceeding to foreclose two deeds of trust. The trial court found the issues in favor of respondents and dismissed appellants' petition. From the judgment entered appellants appealed.

The notes described in the deeds of trust were for $3000 and $5000, hence our appellate jurisdiction.

Appellants had previously filed injunction proceedings to prevent a foreclosure of the same deeds of trust. In that case the trial court granted the relief prayed for, but on appeal this court reversed the judgment of the trial court. The issues in that case involved the question of the payment of the notes. That question was fully adjudicated in that case and the deeds of trust were declared to be valid and the notes described therein unpaid. [See Cordia v. Richards, 329 Mo. 1166, l. c. 1168, 48 S. W. (2d) 878.]

Thereafter the holder of the notes again attempted to foreclose the deeds of trust. The trustee named in the deeds had died and the sheriff of the county, who was named in the instruments as a substitute· trustee, proceeded to advertise the property for sale. Prior to the date of the proposed sale the sheriff refused to proceed, asserting as a reason for his refusal that the notes described in the deeds of trust had been barred by the Statute of Limitations. The holder of the notes then filed an affidavit in the circuit court, setting forth the facts, and asked the court to appoint a substitute trustee as provided for by Section 3135, Revised Statutes 1929 (Mo. Stat. Ann., pp. 8167 and 8169). The court appointed respondent, M. C. Matthes, as substitute trustee. Matthes then proceeded to re-advertise the property for sale. The sale was to take place on the 15th day of August, 1932. Appellants filed their petition, a temporary injunction was issued and again the proposed foreclosure was halted. A change of venue was granted and the special judge, who heard the case upon the merits, dissolved the temporary injunction and dismissed appellants' petition.

While other points were made in the motion for new trial and in the briefs here, the only charge in the petition, filed by appellants, was that the notes were barred by the Statute of Limitations. If the notes were so barred appellants were entitled to the relief prayed for. If they were not barred the petition was properly

dismissed. This, as we shall see later, was the sole issue presented to the trial court by appellants' petition. The note for $3000 was dated October 16, 1919, due twelve months after date. The note of $5000 was dated March 17, 1919, due six months after date. Interest on the $3000 note was paid October 16, 1920, and the interest on the $5000 note was paid September 17, 1920. For the purpose of this case we will consider that the Statute of Limitations commenced on September 17, 1920. The property described in the deeds of trust was first advertised for sale in August, 1927. Appellants filed a petition on August 29, 1927, to enjoin the sale, on the ground that the notes had been paid. A restraining order was issued, which, upon a hearing on the merits, was made permanent. The restraining order, therefore, continued to be in force until this court, on April 2, 1932, reversed that judgment. Under the restraining judgment, entered by the circuit court, the holder of the notes could not have foreclosed under the deeds of trust, nor could he have sued in a court to enforce the payment of the notes without being in contempt of court. In the opinion, by this court, in the first case we find the following statement:

"The court (meaning the trial court) found that the notes had been paid; that the deeds of trust should be canceled, and that defendants should be enjoined from foreclosing the deeds of trust and *collecting the notes*. Judgment accordingly, and defendants appealed." (Italics ours.)

The Statute of Limitations was, therefore, tolled from the 29th day of August, 1927, to the 2nd day of April, 1932, a period of approximately five years and seven months. A proceeding to foreclose a deed of trust tolls the Statute of Limitations. This question was considered at length in Friel v. Alewel, 318 Mo. 1, 298 S. W. 762, l. c. 764, 765 (4), etc. That opinion construed the meaning of Section 865, Revised Statutes 1929 (Mo. Stat. Ann., p. 1153), prohibiting the foreclosure of a deed of trust in a case where the note described therein was barred by the Statute of Limitations. Section 877, Revised Statutes 1929 (Mo. Stat. Ann., p. 1164), reads:

"Whenever the commencement of any suit shall be stayed by an injunction of any court or officers authorized to grant the same, the time during which such injunction shall be in force shall not be deemed any portion of the time in articles 8 and 9 of this chapter limited for the commencement of such suit."

The meaning of this statute is plain. The injunction procured by appellants in the circuit court in the first case, which was set aside by this court, in addition to stopping the foreclosure proceeding, restrained appellants from bringing any suit to enforce the payment of the notes described in the deeds of trust. This court held that appellants were not entitled to an injunction. Appellants now assert that the Statute of Limitations was not tolled by the injunction.

They seek equitable relief. There is every réason for denying such relief, which we need not discuss because the statute is plain and controls the situation.

The first insertion of notice of sale to foreclose the deeds of trust, under the substitute trustee appointed by the circuit court, was published July 21, 1932. The period of time which elapsed from the time the Statute of Limitations first began to run, September 17, 1920, until July 21, 1932, was less than twelve years. When the time of five years and seven months is deducted therefrom, during which time the statute was tolled by appellants' injunction proceeding, it becomes evident that the plea of the Statute of Limitations of ten years, applicable to this case, was rightly denied by the trial court.

▮ Appellants in their motion for a new trial asserted that M. C. Matthes was not a suitable person to act as trustee. This contention was briefed on appeal. Appellants, by their petition, did not present any such issue before the trial court. Their whole cause of action was based upon the theory that the notes were barred by the ten-year Statute of Limitations. No reason was assigned in the petition as to why the substituted trustee was disqualified. The forepart of appellants' petition reads as follows:

"Come now the plaintiffs, and state that the defendant, M. C. Matthes, is a substitute trustee under a certain Deed of Trust, hereinafter described by virtue of an order of the Circuit Court of Washington County, Missouri, made and entered on the 25th day of June, 1932, and that further, the said M. C. Matthes is a Special Deputy Finance Commissioner, in charge of the affairs of the DeSoto Trust Company, which institution has a liquidating interest in the affairs of the Peoples Bank of DeSoto; that Frank Dietrich is a Special Deputy Finance Commissioner, in charge of the affairs of the Peoples Bank of DeSoto; that both Frank Dietrich, and M. C. Matthes are residents of Jefferson County, Missouri."

This was the introductory part of the petition. No reference was made in the balance of the petition as to any fact that would disqualify the trustee appointed by the court. It was not charged that the trustee was incompetent. Appellants assert in their brief that the trustee was disqualified because he was a nonresident of the county. The petition did not so charge. Corpus Juris states the following rule with reference to pleading in equity. 21 Corpus Juris, page 392, section 405:

"The allegations of a bill should be certain and specific. There are some instances in which the same decisive and categorical certainty is required in a bill as in a declaration at common law, but the same precision of statement is not generally required in equity as at law, general certainty being usually sufficient. It is necessary, however, for bills in equity to have such a degree of certainty that defendant

may be distinctly informed of the nature of the claim made against him and of what he is called on to answer, such certainty that the court may ascertain plaintiff's rights and render a proper decree, if the bill should be adjudged true.''

Appellants' bill did not even suggest that the trustee was disqualified because of nonresidence. It was, therefore, wholly insufficient to raise that issue.

The judgment of the trial court is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.