ARTHUR T. BRINK, Trustee, Respondent, v. KANSAS CITY, MISSOURI, a Municipal Corporation, Appellant.—No. 40547.—217 S. W. (2d) 507.

Court en Banc, February 14, 1949.

*David M. Proctor*, City Counselor, *Benj. M. Powers*, Associate City Counselor, and *John J. Cosgrove*, Assistant City Counselor, for appellant.

*Donald W. Johnson, Alvin C. Trippe, Hale Houts*, and *Hogsett, Trippe, Depping & Houts* for respondent.

[508] WESTHUES, C.—Respondent's brief contains a fair statement of the facts in this case and we adopt it as the statement of the court. It reads as follows:

"This is an action for money had and received, in several counts, prosecuted by Arthur T. Brink as trustee and assignee of various property owners, to recover back monies paid to the city by the assignors on tax bills issued by the city to pay for the construction of the second section of the Brookside sewer in Kansas City. Defendant city has appealed from a judgment for the plaintiff for the full amount sued for including interest from the dates of the payments.

"This is the third case on appeal in this Court involving taxes levied for the construction of the second section of the Brookside sewer.

"The first case, Ruckels v. Pryor, et al., 351 Mo. 819, 174 S. W. (2d) 185, was a suit in equity by Ruckels, a property owner in the sewer district, on behalf of himself and all other property owners, against the contractor and the city, to cancel the sewer contract and the levy of taxes for its construction on the ground that the contract was the result of a conspiracy between city officials and certain favored contractors to eliminate competitive bidding and to monopolize the control of the letting of all contracts for public improvement. The Circuit Court dismissed the petition but Division No. 1 of this Court sustained the plaintiff's contentions and reversed the judgment with directions to the Circuit Court to grant the relief prayed for (174 S. W. (2d) at 186-199). The Circuit Court thereupon entered judgment in accordance with the mandate.

"The second case in this Court was Brink v. Kansas City, 198 S. W. (2d) 710. This was an action similar to the case at bar, brought by Mr. Brink after the Ruckels decision, as trustee and assignee of other property owners, to recover back monies paid by the assignors prior to the Ruckels decision upon tax bills issued by the city for the payment for the construction of the sewer. Division No. 1 of this Court affirmed a judgment for plaintiff for the amount sued for.

"In this first Brink case the city contended that the payments were voluntary but the court held that the payments were made under duress, for the reason that until the decision of the Ruckels case the tax bills were liens upon the property and the property owners because of the expense of litigation had no adequate legal or equitable remedy to avoid the liens or resist payment of the taxes (198 S. W. (2d) at 711-716). The court also held that the fact that the city had paid over the sums received to the fraudulent contractor constituted no defense to the action, because the city was 'a party to the fraud and conspiracy which contaminated . . . the taxbills' (198 S. W. (2d) at 716-17).

"As in the first Brink case, the petition in the case at bar averred that the decision and final judgment in the Ruckels case constituted an adjudication that the sewer contract and resulting tax levy and

bills were invalid, and. that the tax payments had been made under duress.

"On its appeal in the case at bar the city does not question the correctness of the decisions in the Ruckels case and the first Brink case. The city in effect concedes that under the decision and final judgment in the Ruckels case plaintiff's assignors in the case at bar had valid claims for the recovery of the monies paid. The only questions raised by it on this appeal are in respect to the statute of limitations and the date from which interest was allowable.

"The city contends that all payments made by plaintiff's assignors more than [509] five years prior to suit are barred by the five-year statute of limitations applicable to actions upon contracts, express or implied, other than for the payment of money (Section 1014, R. S. Mo., 1939).

"Plaintiff's petition averred:
'Prior to said Ruckels decision said assignors had no adequate remedy to. recover back said payments and were under duress. Their causes of action did not accrue until said Ruckels decision became final.'

In this case, as in the first Brink case (198 S. W. (2d) at 711, 715), the evidence established that the tax levy was regular upon its face and binding upon the·property owners until the Ruckels decision, and that the burden of litigation in avoidance of the taxes prior to the Ruckels decision would have been too great to have been undertaken by the property owners and left them without adequate remedy. This same evidence established the averment of the petition that until the Ruckels decision plaintiff's assignors had no adequate remedy to recover back their payments and continued to be under duress.

·"The Ruckels case was decided July 6, 1943, motion for rehearing was denied July 20, 1943, and motion to transfer to the Court en banc was denied October 4, 1943 (174 S. W. (2d) 185). Judgment in accordance with the mandate was entered by the Circuit Court on December 2, 1943. All the claims in question were sued on in less than five years from the time the Ruckels decision became final. Plaintiff's original petition was filed February 7, 1947. The most recent claim in suit was incorporated in the petition by an amendment made at the trial on May 15, 1947.

"The city's contention about interest is that the court erred in allowing interest on the various claims from the times the payments in question were made rather than from the time the claims were sued upon.

"Plaintiff's petition alleges that the city·acted fraudulently and wrongfully in levying the taxes and collecting the payments made by plaintiff's assignors. The allegations were established by the Ruckels decision which was pleaded by the petition."

850

■ As stated by respondent, the sole and only question is whether the claims of respondent for tax bills paid more than five years before the present suit was filed, are barred by limitations. We are of the opinion that such claims are so barred. Respondent relies strongly upon the first Brink case as holding that the property owners were under duress and therefore the statute of limitations did not begin to run until this court decided the Ruckels case, in which case the tax bills were declared to be void. In the Brink case the defendant city made the contention that the tax bills were voluntarily paid and therefore the amounts paid could not be recovered. This court held that the property owners were under legal duress and therefore the payments were not voluntarily made. The claims sued for in that case were all within the statute of limitations and therefore the question now before us was not present.

Ordinarily a statute of limitations begins to run from the date the cause of action accrues. 54 C. J. S. 9, Sec. 108. A cause of action accrues when the right to maintain a suit arises. 54 C. J. S. 11, Sec. 109; Coleman v. Kansas City, 353 Mo. 150, 182 S. W. (2d) 74, l. c. 78 (14); Womack v. Callaway County, 159 S. W. (2d) 630, l. c. 632 (2-6.). There is no contention that all the facts were not known to the property owners and the respondent at the time the tax bills were paid. The opinion in the Ruckels case reveals that the property owners were acquainted with all the circumstances before such payments were made. Ruckels v. Pryor, 351 Mo. 819, 174 S. W. (2d) 185, l. c. 188 (2). Respondent states his theory in the brief as follows:

"1. The causes of action did not accrue until the Ruckels case was decided.

"The city seeks to avoid this proposition by misstating the question presented. On page 8 of its brief it says that 'respondents claim that at the time they paid the taxes they *did not know* they had a right to recover them and that they could not *have known* until the decision in the Ruckels case . . . and hence they were entitled to wait until after that decision . . . ' The city thus sets up a straw man.

[510] "Plaintiff's petition distinctly avers that the assignors' 'causes of action *did not accrue* until said Ruckels decision became final' and the proposition was so presented by the briefs of plaintiff in the Circuit Court. It is manifest that the causes of action did not accrue until the Ruckels decision became final. The tax bills which were paid by plaintiff's assignors were based upon tax levy which was regular upon its face and under the Missouri law constituted a quasi-judicial judgment. The tax bills were valid unless and until the tax levy was set aside by a court of equity. Until the tax levy was so set aside the taxes were valid and plaintiff's assignors could not maintain action at law for money had and received to recover back the amounts they had paid the city."

We canont agree with respondent. We must accept as the law of the case that the property owners paid the tax bills under duress. That is the claim made in this case, as it was in the first Brink case, supra. We hold that a cause of action accrued in favor of the property owners immediately upon the payment of the tax bills. A class suit could then have been brought to recover payments made and to test the validity of the tax bills. Flinn v. Gillen, 320 Mo. 1047, 10 S. W. (2d) 923, l. c. 926 (5) (6, 7); 44 C. J. 811, Sec. 3428; Newberry v. City of Detroit, 184 Mich. 188, 150 N. W. 838. The decision in the Ruckels case merely relieved the property owners who had paid the tax bills from the burden of proving that the assessments were void. That question became res judicata when the opinion was adopted. The owners of property who had paid the tax bills had a cause of action because the tax bills were void and the payments were made under duress. The Ruckels opinion did not give rise to a cause of action but merely decided a vital question in the case. The claim that the expense of such a suit amounted to duress and therefore the statute of limitations was stayed is not sound. It was good only as against the plea of voluntary payment. The property owners who paid the tax bills could have maintained an action for the return of the money, individually or as a class, even though a suit to cancel the tax bills, such as in the Ruckels case, had never been filed. Even if that were not true the cause of action for the return of the money nevertheless accrued the moment payment was made. If a suit had been filed for the return of the money while the Ruckels case was pending the parties filing such suit could have asked the court to stay the proceedings until the Ruckels case had been finally determined. In 1 C. J. S. 1406, Sec. 133, the following is stated as the general rule:

"Where two actions are pending, and a decision in the prior one will adequately determine the rights of the parties, the second action may be stayed until the first is determined, . . . "

This rule prevails in Missouri. See State ex rel. U. S. Fire Ins. Co. v. Terte, 351 Mo. 1089, l. c. 1096 (3), 176 S. W. (2d) 25, l. c. 30 (7). The burden of showing that the tax bills were void was in any event upon the property owners who wished to avoid payment or to recover payments made. Pending of the Ruckels case did not toll the statute of limitations. 54 C. J. S. 278, Sec. 247; Ottenad v. Mount Hope Cemetery & Mausoleum Co., 176 S. W. (2d) (Mo. App.) 62. In 54 C. J. S. 280 we notice the following in the text:

"Where one has a choice of remedies, the fact that he selects one remedy does not toll limitations as against an action based on another remedy."

We therefore hold that a cause of action for the recovery of money paid under the duress claimed in this case accrued the moment pay-

ment of the tax bills was made and that the statute of limitations began to run at that time.

We have examined respondent's authorities and find that they do not apply to the facts in the present case. Take, for example, Scheer v. Trust Co. of St. Louis, 330 Mo. 149, 49 S. W. (2d) 135, l. c. 140 (3). In that case Scheer had title pursuant to a sale under a deed of trust. Later the grantor in the deed of trust brought suit to set aside the sale and after prolonged litigation the sale was set aside. Scheer then brought suit to recover the money [511] he had paid. As to the statute of limitations this court said:·

"While the question of the validity of the 1914 foreclosure sale was in litigation and until· that question was thus definitely determined against him, plaintiff could not have maintained an action for the return of the money paid by him and his assignor on account of his purchase at that sale."

The case certainly is no authority for respondent's contention that a cause of action did not accrue until the Ruckels case was decided.

The trial court found for plaintiff and allowed interest from the date of the payment of the tax bills. Appellant city urges that interest should be allowed only from the date suit was filed. This question must be decided because we find from the record that all of the claims are not barred by the five year statute of limitations. This being a suit for money had and received, interest should be allowed from the time of demand. In this case the demand was made by filing suit. 47 C. J. S. 59, Sec. 47. This court en banc ruled this question in Coleman v. Kansas City, 353 Mo. 150, 182 S. W. (2d) 74, l. c. 78 (11). That was a suit against Kansas City for back salary wrongfully withheld. This court held interest was allowable from the date of demand. Note what the court said:

"In both the Coleman cases (348 Mo. 916, 156 S. W. 2d 644, and 351 Mo. 254, 173 S. W. 2d 572) we held that employees of Kansas City were entitled to interest on the portions of salary wrongfully withheld from them, from the date of demand. The only demand in the Coleman cases and in the instant case was the filing of suit. Defendant city asks us to reverse our ruling on this question, arguing that an 'account' as used in our interest statute (section 3226, R. S. Mo. 1939, Mo. R. S. A., vol. 10, p. 373) means a claim based on contract only. We are not impressed with such argument. As stated in the second Coleman case, 'account' in a general sense is equivalent to 'claim' or 'demand.' We think the statute permits interest on liquidated claims arising by operation of law as well as upon contract."

The judgment of the trial court is, therefore, reversed and the cause remanded with directions to disallow all claims barred by the statute of limitations. Claims, for which suit was filed within five·years after

payment, to be allowed with interest from date suit was filed. It is so ordered.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the Court en Banc. All the judges concur.