**Samuel BROOKS et al.,
Plaintiffs-Respondents,**

v.

**Donald H. WHALEY et al.,
Defendants-Appellants.**

**No. 41578.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1980.

Mark H. Neill, Raskas, Ruthmeyer, Pomerantz & Wynne, Jerome F. Raskas, John C. Garavaglia, St. Louis, for defendants-appellants.

Karen C. Moculeski, C. John Pleban, St. Louis, for plaintiffs-respondents.

CRIST, Judge.

Plaintiffs, commissioned police officers of the City of St. Louis (hereinafter "policemen"), filed this declaratory judgment action against the Board of Police Commis-

sioners of the City of St. Louis (hereinafter "board"). Policemen contend they are entitled to overtime compensation for the first thirty minutes worked beyond their eight-hour tour of duty. The board contends the policemen work only eight hours per shift after their thirty-minute meal time is excluded from their work day. The trial court found the denial of overtime was contrary to statute and the policemen were to be compensated for authorized overtime when, after May 1, 1977, accumulated overtime exceeds forty hours. We affirm the judgment.

Section 84.110, RSMo. 1978, provides in pertinent part, "Eight hours shall constitute the time of regular service for the members of the police force for such cities during any one day of twenty-four hours. . . ." Section 84.160, RSMo. 1978 (emphasis added), provides as follows:

"3. The board of police commissioners *may pay additional compensation* for all hours of service rendered in excess of the established regular working period. . . .

4. Turnkeys, probationary police officers, police officers and corporals *shall receive additional compensation for authorized overtime*, court time and court standby time accumulated after May 1, 1977, whenever the total accumulated time exceeds forty hours, and the rate of compensation shall not exceed the regular hourly rate of pay to which each member shall normally be entitled. The accumulated forty hours shall be taken as compensatory time off at the officer's discretion with the approval of his supervisor."

Section IV of Special Order 78-S-18, promulgated by the Chief of Police, provides that only authorized overtime may be earned and further provides that overtime will not be granted for the first thirty minutes following the end of a scheduled watch, thereby requiring policemen to work a minimum of thirty-one minutes past the end of a scheduled watch to be entitled to overtime.

Policemen are assigned to one of three eight-hour watches, either 7:00 A.M.—3:00 P.M., 3:00 P.M.—11:00 P.M., or 11:00 P.M.— 7:00 A.M. A standing order of the Bureau of Field Operations provides that policemen will not be relieved until twenty minutes past the end of their scheduled watch.

Policemen are given a thirty-minute meal period (designated a Code 7240) during each watch pursuant to the provisions of Special Order 73-S-23.4, promulgated June 8, 1978 by Chief Camp. The dispatcher must be contacted when an officer takes a meal period in order to take the officer out of service. If the volume of assignments will not permit the officer to be taken out of service, the dispatcher may require the officer to remain in service and take his meal period at a later time.

An officer may not take a meal period at a private residence. The meal period must be taken within the confines of the officer's beat or at the station house unless the officer obtains permission from his superior to leave the beat to purchase a meal in the event that there is no acceptable eating establishment within the beat. In the latter case, the dispatcher must be advised of the officer's destination.

Officers are subject to call by their superiors, are required to respond to emergencies during their meal periods, and may not remove their guns or uniforms while eating in public places. Officers are "taken out of service" during the meal period. If an officer responds to an emergency or is called to duty during his meal period, the meal period is rescheduled at a later time, or, if the meal period is missed, the officer receives thirty minutes of overtime pursuant to Special Order 78-S-18, Section IV(J).

The first issue before the court is whether the thirty-minute period given policemen constitutes part of the "[e]ight hours . . . of regular service" pursuant to § 84.110, RSMo. 1978. If the meal period is part of their regular service, policemen work in excess of eight hours per day; if the meal period is not part of their regular service, policemen work less than eight hours per day. The question of whether the meal period is part of their regular service is dependent upon the answer to the question, "Were policemen working and performing

services for board during their thirty-minute meal period?"

Section 84.110, RSMo. 1978, is silent, and there are no Missouri cases, concerning the inclusion of meal periods in the phrase "[e]ight hours ... of regular service." Cases from other jurisdictions, however, have dealt with the issue of whether meal periods are work time. The authorities are about evenly divided. This court could go either way in the case at bar and not be far afield.

Authorities stating that meal periods are not generally considered work time are: *Joseph G. Moretti, Inc. v. Boogers*, 376 F.2d 27 (5th Cir. 1967); *Rapp v. United States*, 340 F.2d 635 (Ct.Cl.1964); *Erickson v. City of Waltham*, 2 Mass.App. 436, 314 N.E.2d 139 (1974); and *McElroy v. City of New York*, 50 Misc.2d 223, 270 N.Y.S.2d 113 (Sup.Ct. 1966), *aff'd mem.*, 29 A.D.2d 737, 287 N.Y. S.2d 352 (1968). This rule is stated in regulations issued under the Fair Labor Standards Act, 29 U.S.C.A., § 206-07 (1973 and Supp.1974-78) as follows:

"Bona fide meal periods are not work time. Bona fide meal periods do not include coffeebreaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period."

Wage and Hour Division—Rest and Meal Periods, 29 C.F.R., § 785.19 (1979).

To include a meal period within work time, the performance of substantial duties must be shown. *Bowling v. United States*, 181 Ct.Cl. 968, 980 (1967). In determining whether or not an employee is performing duties and hence "working" during a meal period (or other "idle time"), the courts have generally applied a test which asks for whose benefit the time was primarily or predominantly spent and what the duration and conditions of the time are. *Blum v. Great Lakes Carbon Corp.*, 418 F.2d 283, 284 (5th Cir. 1969), *cert. denied* 397 U.S. 1040, 90 S.Ct. 1361, 25 L.Ed.2d 651 (1970). *Accord, Armour & Co. v. Wantock*, 323 U.S. 126, 133-34, 65 S.Ct. 165, 168-69, 89 L.Ed.

118 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 136-37, 65 S.Ct. 161, 162-63, 89 L.Ed. 124 (1944). The *Erickson* case, *supra*, supports the board's position and is very persuasive, however, as noted below, other authorities favor the policemen's position.

One such case is *Los Angeles Fire and Police Protection League v. City of Los Angeles*, 23 Cal.App.3d 67, 73, 99 Cal.Rptr. 908, 911-12 (1972), where circumstances similar to those at hand arose. The court there summarized the evidence in that case as follows:

"[B]y regulation and administrative practice, the officer is subject to substantial control and limitation on his freedom of action during the 'Code 7, [meal] time. The officers are subject to call by their superiors, they are required to respond to requests by citizens, they are required to respond to emergencies, they may not eat at home or at the home of a friend even with prior approval, the officers may not remove their guns or uniforms (except for hat and coat) when eating in a public place, they must inform 'communications' where they are eating so they can be reached, and supervisory approval is required to take a meal out of their area. As above indicated, they may take their 'Code 7' time only at a time approved by their superiors and not at any regularly scheduled time of day or night. Other restrictions exist."

The court there concluded that since the police officers were not free to follow private pursuits during the meal period, and were subject to numerous obligations and restrictions for the benefit of their employer during this period, the police officers must be considered as working during the meal period.

■ Other courts have similarly held employees under such constraints during a meal period were "working." Thus, in the case of *Lindell v. General Electric Co.*, 44 Wash.2d 386, 267 P.2d 709 (1954), plant guards for an atomic energy commission facility were entitled to pay for their lunch period where they were subject to call by their supervisor at a moment's notice and

were subject to other restrictions. In *Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981 (8th Cir. 1952), *cert. denied*, 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 671 (1952), plant guards and firemen were entitled to overtime compensation for thirty-minute lunch periods where they were not free to pursue matters of a purely private nature and were required by the employer to be prepared for any emergency action. Given the restrictions imposed upon policemen during the meal period, we hold that the policemen were working and on duty during the thirty-minute meal period. We believe the reasoning of *Los Angeles Fire and Police Protection League, supra*, to be the more persuasive on this point.

Board says if the meal period was part of policemen's regular service, overtime pay could not be paid therefor because it was not authorized overtime. Board contends: Overtime compensation is subject to the provisions of § 84.160(3)–(4), RSMo. 1978. Subsection (3) states the board "*may pay additional compensation*" for additional service and subsection (4) states certain officers "*shall receive additional compensation for authorized overtime.*" See *Riepe v. City of Independence*, 525 S.W.2d 622, 624–25 (Mo.App.1975). *Accord, Bowling v. United States, supra*, 181 Ct.Cl. at 978–79; *Los Angeles Fire and Police Protection League v. City of Los Angeles, supra*, 23 Cal.App.3d 67, 99 Cal.Rptr. at 914–15.

We disagree. By imposing the restrictions on how, when and if the meal period was to be taken, the Board had authorized the meal period as overtime if policemen worked in excess of forty hours by reason thereof.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.