Edward L. HASENYAGER, Vernon D. Wilson, Fred G. Stephen, Lloyd DeGraffenried, William L. Clark, Charles F. Finlay, and Guy F. Hines, et al., Plaintiffs–Appellants,

v.

BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, Missouri, and City of Kansas City, Missouri, Defendants–Respondents.

No. WD 30901.

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Austin B. Speers, Kansas City, for plaintiffs–appellants.

Manfred Maier, Kansas City, for defendant–respondent Board of Police Commissioners.

Dan G. Jackson, Asst. City Counselor, Kansas City, for defendant–respondent City of Kansas City, Missouri.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

SWOFFORD, Judge.

Seven individual plaintiffs, former and current police officers, filed a class action naming both the City of Kansas City, Missouri, a constitutionally chartered municipal corporation, and the Board of Police Commissioners of Kansas City, Missouri, as defendants. The suit was first filed in the United States District Court for the Western District of Missouri, Western Division, No. 76CV588–W–3, but the cause was dismissed by that Court for lack of jurisdiction in February, 1978. The action was next filed in the Circuit Court of Jackson County, Missouri on July 13, 1978.

Plaintiffs alleged in their petition that, between the years of 1950 to 1971, they and the class they represented had accumulated 279,000 hours of overtime for which they were not compensated. Defendants filed separate motions to dismiss or in the alternative to make more definite and certain. In a single judgment said motions to dismiss were sustained as to the Defendant, Board of Police Commissioners, for the reason that plaintiffs' claim was barred by the statute of limitations; and as to Defendant, City of Kansas City, Missouri, for the reasons that plaintiffs' petition failed to state a claim against said defendant and the cause of action was barred by the statute of limitations. This appeal followed.

Plaintiffs, and the class they seeks to represent, pursuant to Section 507.070 RSMo (1978) and Rule 52.08, are all former, present or retired police officers of the City of Kansas City, Missouri. This action was brought in their own behalf and for those police officers of such class who claim that the defendants are indebted to them for overtime pay and/or equivalent compensated time off.

The plaintiffs alleged that they, and the class they seek to represent, accumulated at least 279,000 hours of overtime for which they were not compensated between the years of 1950 to 1971. They further alleged that defendants and their predecessors in office had, prior to July 13, 1976, made numerous oral promises, issued directives and general orders assuring plaintiffs that the accumulated overtime would be paid either in cash, time off prior to retirement, or salary continuance after retirement. Plaintiffs finally alleged that defendants, and their predecessors in office, falsely misled plaintiffs and the class they seek to represent and thus prevented plaintiffs from filing suit against defendants.

Plaintiffs made demand on defendant Police Board for the payment of unpaid overtime on July 13, 1976, and on July 15, 1976, said defendants denied the claim of plaintiffs stating there had not been any overtime accumulated since January, 1966, and no Board had ever authorized overtime pay prior to that time. (Plaintiffs' Documents V and VI). The trial court on September 21, 1978, sustained the motions to dismiss filed by defendants. Plaintiffs then filed a motion to set aside the Court's order dismissing plaintiffs' cause of action due to clerical error, and the trial court sustained plaintiffs' motion and reentered its order dismissing plaintiffs' cause of action on April 17, 1979.

The appellants advance three points of error on appeal:

I. The trial court erred in dismissing the plaintiffs' cause of action due to the running of the statute of limitations, because plaintiffs demanded payment for accumulated overtime from defendants on July 13, 1976; that such demand was refused on July 15, 1976; and, plaintiffs filed their class action for recovery on July 13, 1978.

II. The trial court erred in dismissing the plaintiffs' cause of action due to the running of the statute of limitations, be-

cause defendants' "fraudulent concealment" was shown which would operate to toll the statute.

III. The trial court erred in dismissing the cause of action as to defendant, Kansas City, Missouri, for failure to state a claim, because the City appropriates from its budget the monies used to operate the Police Department. Therefore, the City has a financial interest in the wages and costs of operating the Police Department and would also be liable to plaintiffs for accumulated overtime wages.

Appellants first contend that the court erred in dismissing this action for the reason that their claim was barred by the statute of limitations. The applicable statute relied upon to support this position is Section 516.140 RSMo (1978), which states as follows:

"516.140. What actions within two years. Within two years: An action for libel, slander, assault, battery, false imprisonment or criminal conversation. An action by an employee for the payment of unpaid minimum wages, *unpaid overtime compensation* or liquidated damages by reason of the nonpayment of minimum wages or *overtime compensation*, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, said act being an act of Congress, *shall be brought within two years after the cause accrued.*" (Emphasis supplied)

The record in this Court shows the following chronology of events pertinent to this decision:

1. July 13, 1976–The law firm now representing the appellants wrote a letter to the Chief of Police, the Mayor, and the President of the Board of Police Commissioners, as co–addressees, advising of their employment to press their clients' claims "for unpaid accumulated overtime pay", making "official demand" for payment, and advising that if no response was forthcoming within 14 days, that suit will be filed.

2. July 15, 1976–Letter from the President of the Board of Police Commissioners to counsel was written refusing demand.

3. February 6, 1978–Suit previously filed in Federal Court terminated by dismissal for lack of jurisdiction.

4. July 13, 1978–This action instituted.

The position of appellants is that the running of the statute of limitations on claims for earned but unpaid overtime compensation between 1950 and 1971 [two years, Section 516.140 RSMo (1978)] is tolled by operation of Section 516.280 RSMo (1978), which reads:

"516.280. Limitation not to be extended by improper acts of defendant.

If any person, by absconding or concealing himself, *or by any other improper act,. prevent the commencement of an action*, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." (Emphasis supplied)

The argument is made that by reason of certain alleged promises, directives, and assurances by defendants and their predecessors, and the fact that the defendants knew that the representations were false, of which fact the plaintiffs were ignorant and therefore relied thereon, the statute of limitations was tolled. They further assert that such false representations "were not discoverable" until their formal demand for overtime compensation was rejected under date of July 15, 1976, and, since this action was filed July 13, 1978, it was not barred by the statute of limitations.

It must be kept in mind that the time span involved in the failure to compensate for overtime, as alleged in plaintiffs' petition, is 1950 to 1971, a period of 21 years. Further, the record below on behalf of the plaintiffs shows that the formal refusal of their claims in the communication of July 15, 1976 from the president of the Board contains the facts that there had not been any accumulated overtime since January 1, 1966, and even that accrual had never been authorized for payment or ever included in

the Police Department Budgets submitted to the City (Plaintiffs' Document VI). In this connection, it is noted that the statute of limitations on this class of action begins to run "after the cause accrued". Section 516.140 RSMo (1978).

However, the plaintiffs seek to avoid the impact of this statutory law by taking the position that by reason of the defendants' "fraudulent concealment" the two–year statute of a limitations was tolled because such concealment was an "other improper" act under Section 516.280, supra. The "fraudulent concealment", the plaintiffs argue, was manifested by directives, general orders and in public meetings which assured plaintiffs that their overtime would be compensated.

The point has been reached in this decision where a summary of the operation of the Kansas City, Missouri Police Department is pertinent. This Department operates under the exclusive control of a Board of Police Commissioners appointed by the Governor, is a branch of the State government, and its internal functions are exclusively governed by State law. Sections 84.-350–84.890 RSMo (1978). The Board submits an annual budget to the City requesting funds in itemized categories for the operation of the Department, and the governing body of the City is required to appropriate the amount so certified to be paid from the City treasury with the single exception that "in no event shall the governing body of the cities be required to appropriate for the use of the police board in any fiscal year an amount in excess of one–fifth of the general revenue fund of such year". Section 84.730 RSMo (1978). With this single exception, the police budget is mandated by the Board and the City has no discretion or control over its formulation. Neither does the City have any control over the hiring, training, pay or other facets of employees of the Police Department.

As to the subject matter of the case at bar, the following provision of the statutes is of great import:

"Section 84.510(5). The chief of police, subject to the approval of the board, shall establish the total regular working hours for all police department employees, and the board has the power, upon recommendation of the chief, to pay additional compensation for all hours of service rendered in excess of the established regular working period, * * *"

The record presented by the plaintiffs' petition, their suggestions and supporting documents, presented to the court below, reveal that the overtime compensation claim by this suit was never recommended by the Chief, or if such payment was recommended, it was never approved by the Board as required by the above statute. But, be that as it may, the decisive factor in this case is whether or not such facts are pleaded or documents presented below as to give rise to a "fraudulent concealment" which would toll the statute of limitations. It is the opinion of this Court that such is not the case.

■ The generally adopted rule as to the elements which constitute "fraudulent concealment" is stated in 51 Am.Jur.2d, Limitation of Actions, Section 148, p. 719, in the following manner:

"To constitute concealment of a cause of action within the general rule tolling the statute of limitations on that ground the concealment must be fraudulent or intentional and, * * * there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action. * * *

\* \* \* \* \* \*

There can be no concealment which will prevent the running of the statute of limitations *where the cause of action is known to the plaintiff* or there is a presumption of such knowledge. * * *" (Emphasis supplied)

■ Frequent examples of situations where the statute has been tolled are cases involving concealment by doctors or other professionals of a result, damage, or injury inflicted upon a person by reason of neglect or error and the party responsible conceals that fact from his patient or client. The

burden rests upon the plaintiff to establish such "fraudulent concealment". *Smile v. Lawson*, 435 S.W.2d 325, 327–328[1, 2] (Mo. banc 1968) and cases cited therein. *Cf. Laughlin v. Forgrave*, 432 S.W.2d 308 (Mo. banc 1968). For authorities involving other classes of cases where the same general principles have been applied, see: *Shelby County v. Bragg*, 135 Mo. 291, 36 S.W. 600 (1896); *State ex rel. Bell v. Yates*, 231 Mo. 276, 132 S.W. 672, 676[6] (1910); *State ex rel. School District of St. Joseph v. Wells*, 270 S.W.2d 857, 860[1] (Mo.1954); and *Maynard v. Doe Run Lead Co.*, 265 S.W. 94, 99[8] (Mo.1924).

Clearly the meaning of "fraudulent concealment" as applicable to this case must be that the defendants by some positive intentional act concealed from the plaintiffs the fact of the existence of a cause of action for compensable overtime. By no reasonable interpretation of the allegations of the petition, the documents submitted, suggestions filed below, or the undisputed facts evident here, can the conclusion be reached that the defendants affirmatively concealed from the plaintiffs the existence of their cause of action. Conceding for the present purposes that discussions were had, concessions made, assurances given or promises extracted, such would not toll the statute of limitations as to the basic cause of action—no more so than that settlement negotiations or discussions in regard to any claim would toll the statute in ordinary circumstances, absent some specific, definite or formal agreement to that effect. To be sure, such occurrences might, in proper cases, give rise to a new cause of action on contract or otherwise, but the statute of limitations would continue to run as to the basic underlying cause of action. It should be noted that sound positions are possible under the facts before this Court that the bar of the two–year statute of limitations arose in 1968 or 1973 depending upon whether the accumulation of overtime for the plaintiffs ended in 1966 (as stated by the Board of Police Commissioners) or 1971 (as stated in plaintiffs' petition). In either event, the action would be barred by the 2–year statute of limitations absent either a

formal agreement that it be tolled supported by consideration or fraudulent concealment as herein defined.

■ It is axiomatic that statutes of limitation are statutes of repose intended to prevent stale claims and are favored in the law. The conclusion is reached that this record does not disclose either directly or by reasonable intendment that the defendants fraudulently concealed from the plaintiffs the existence of the cause of action they now assert. Therefore, the statute of limitation was not tolled and the trial court properly ruled that the cause of action was barred. Points I and II are ruled against the plaintiffs.

■ Point III of the appeal faults the court for sustaining the defendant Kansas City's motion to dismiss upon the additional ground that no cause of action or claim was stated. The ruling was not erroneous, for two reasons:

*First*, the function of Kansas City as to the Police Department is limited to the yearly approval of its budget and that approval is required and mandated by law as to any amount requested, allocation as between functions, and administration thereof. The only restriction is that the total budget not exceed one–fifth of the total general revenue. Sections 84.350–84.890 RSMo (1978).

*Second*, the City possesses no power or authority over police department personnel, including job classifications, rates of pay, and payment or accrual of overtime compensation. Those areas are solely the functions of the Board of Police Commissioners and the Chief of Police. Section 84.510 RSMo (1978). Accordingly, the defendant City had no direct connection with the subject matter of this action or the power to make any decisions, representations or promises as to the payment of overtime compensation. It was purely an outsider, so far as the issues in this case.

The plaintiffs assert that because the Mayor of Kansas City is, by virtue of his office, also an *ex officio* member of the Board of Police Commissioners, the obvious

purpose of this law is that the City have representation on the Board and a voice in its decisions. Of course, this is to a degree a proper view, but the Mayor's presence as an *ex officio* member does not change the basic character or functions of the Board, or of the authority of and restrictions upon the City with relation to the Police Department. The plaintiffs also argue that since the City appropriates the money to operate the Police Department, it has a "financial interest" in the costs and wages paid in its operation. Of course, this is true. The whole operation of the Police Department involves matters of great public interest financially and as affecting public health and safety. Every resident of Kansas City, as a taxpayer, has an interest in this area because his tax dollars are expended to maintain the Department. But that interest gives the City (beyond its budgetary function) and the taxpayers no control over the Department's operations or obligation (except financial) for its administrative acts.

The argument is specious, and Point III is ruled against the plaintiffs.

The judgment below is, in all particulars, affirmed.

All concur.