Roy PERKINS, Walter Klein, Samuel Brooks and William Moore, Appellants,

v.

John SCHICKER, James Crowe, Suzanne Hart and James F. Conway, as the Board of Police Commissioners, and the City of St. Louis, Missouri, Respondents.

No. 44363.

Missouri Court of Appeals, Eastern District, Division Three.

July 20, 1982.

Application to Transfer Denied Oct. 18, 1982.

Lawrence J. Fleming, London, Greenberg & Fleming, St. Louis, for appellants.

Raskas, Ruthmeyer, Pomerantz & Wynne, St. Louis, for respondents Schicker, Crowe, Hart & Conway, as the Bd. of Police Com'rs of the City of St. Louis.

Thomas A. Connelly, City Counselor, Robert H. Dierker, Jr., Associate City Counselor, St. Louis, for City of St. Louis.

REINHARD, Presiding Judge.

This is the second time we have been asked to resolve a matter concerning St. Louis Police overtime compensation. In the first case, three police officers of the City of St. Louis filed a declaratory judgment action in their individual capacity to set

aside a special order of the Board of Police Commissioners. That order required policemen to work thirty minutes beyond the end of their eight hour shift before they were eligible for overtime, because meal time was to be excluded in calculating the number of hours worked. The trial court granted plaintiffs' prayer for relief and this court affirmed the trial court's judgment. *See, Brooks v. Whaley*, 613 S.W.2d 656 (Mo.App. 1980). There, we held that while taking their thirty minute meal break, policemen were on duty and consequently the special order of the Board was unauthorized.

After the opinion in *Brooks v. Whaley*, four individual police officers, including two of the plaintiffs in the previous suit, filed a class action lawsuit on June 9, 1980, on behalf of themselves and 1800 other police officers of the City of St. Louis against defendants, the individuals comprising the Board of Police Commissioners, the Comptroller of the City of St. Louis and the City of St. Louis, to recover accrued unpaid overtime compensation accumulated since May 1, 1977.[1]

Defendants filed a motion for partial summary judgment and alleged that as a result of plaintiffs filing their petition on June 17, 1980, all claims two years before that date were barred by the two year statute of limitations contained in § 516.140 RSMo.1978. The record does not reveal a responsive pleading to defendants' motion. The trial court granted defendants' motion disallowing all claims before June 17, 1978. The court entered judgment pursuant to a memorandum of settlement against all defendants for the period June 17, 1978 to April 30, 1980, in the amount of $739,888.32. Plaintiffs appeal from the order granting defendants' motion for partial summary judgment.

■ The standards by which we review a motion for summary judgment are firmly established. The appellate court must scrutinize the record in the light most favorable to the parties against whom the motion was filed and to accord to such parties the benefit of every doubt. Summary judgment may only be rendered where it is made manifest by the pleadings, depositions and admissions on file, together with any affidavits that there is no genuine issue of material fact. Rule 74.04(c). A genuine issue of fact exists for the purpose of avoiding a summary judgment whenever there is the slightest doubt as to the facts. The burden rests upon the movant to show by unassailable proof that there is no genuine issue of fact. *Dunlap v. Howard*, 629 S.W.2d 664, 666 (Mo.App.1982); *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 26–27 (Mo. App.1978). Reviewed by these standards, the judgment is affirmed.

Section 516.140 RSMo.1978 provides that the statute of limitations for an employee's claims for unpaid overtime compensation is two years. No one has suggested any other statute of limitations applies.

■ A cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations commences to run from that time. *Coleman v. Kansas City*, 353 Mo. 150, 182 S.W.2d 74, 78 (1944). An employee's cause of action against his employer for additional compensation accrues when payment is due but not made. *Hasenyager v. Board of Police Commissioners*, 606 S.W.2d 468 (Mo.App.1980); *Coleman*, 182 S.W.2d at 78. Plaintiffs, in their petition, alleged that they are paid every two weeks. § 84.160(4) provides that police officers shall be paid for accumulated overtime when it exceeds forty hours. The statute of limitations would commence here, when the first payday passed that an officer was not paid for accumulated overtime in excess of forty hours.

■ Plaintiffs argue, though, that the cause of action did not accrue until either the date of the circuit court judgment, July 11, 1978, or the date of our opinion in *Brooks v. Whaley*, April 8, 1980. If the

---

1. § 84.160(4) RSMo.Supp.1977 provides that "[a]ll commissioned officers ... shall receive additional compensation for authorized over-time ... accumulated after May 1, 1977, whenever the total accumulated time exceeds forty hours."

cause of action accrued on either date, then all claims for compensation after May 1, 1977, are within the statute of limitations. Plaintiffs assert that prior to the court decision, a controversy existed between the police officers and the board and not until the courts declared the board order void did the police officers' cause of action accrue. *Brink v. Kansas City,* 358 Mo. 845, 217 S.W.2d 507 (1949) refutes plaintiffs' contention.

*Brink* was the third case involving the same Kansas City sewer contract and tax levy. The first case, *Ruckels v. Pryor,* 351 Mo. 819, 174 S.W.2d 185 (1943), was a class action brought by certain taxpayers against a contractor and the City of Kansas City to cancel a sewer contract and subsequent levy of taxes for its construction. The trial court ruled adversely to the plaintiffs, but on appeal the Supreme Court declared both the contract and subsequent levy of taxes void. On February 7, 1947, the plaintiffs in *Brink* filed suit against the City of Kansas City to recover back taxes prior to 1942. The City contended that the five year statute of limitations barred the claims. The plaintiffs asserted that "[t]he causes of action did not accrue until the *Ruckels* case was decided." The Supreme Court rejected this contention and stated:

> [A] cause of action accrued in favor of the property owners immediately upon the payment of the tax bills. A class suit could then have been brought to recover payments made and to test the validity of the tax bills. (citations omitted). The decision in the *Ruckels* case merely relieved the property owners who had paid the tax bills from the burden of proving that the assessments were void . . . . The *Ruckels* opinion did not give rise to a cause of action but merely decided a vital question in the case. . . . [T]he cause of action for the return of the money nevertheless accrued the moment payment was made.

217 S.W.2d at 510.

We find the logic of *Brink* controlling in these circumstances. Our decision in *Brooks v. Whaley* made the impropriety of the board order *res judicata.* It did not commence the statute of limitations. The plaintiffs' cause of action accrued at the time the overtime compensation was due but not paid and not at the time of either the trial court's or this court's decision in *Brooks v. Whaley.*

Plaintiffs also contend that section 516.-260 RSMo.1978 tolled the operation of the statute of limitations because of a stay order which the trial court issued after it entered judgment in *Brooks v. Whaley.* That order provided:

> Defendants are required to account for the overtime and keep records but defendants may postpone computation of the overtime as part of all overtime pending disposition of the matter on appeal.

Section 516.260 tolls the statute of limitations "whenever the commencement of any suit shall be stayed by an injunction of any court. . . ." *See, Cordia v. Matthes,* 338 Mo. 308, 90 S.W.2d 101 (1936); *Ottenad v. Mount Hope Cemetery & Mausoleum Co.,* 176 S.W.2d 62 (Mo.App.1943).

In *Neal v. Laclede Gas Co.,* 517 S.W.2d 716, 719 (Mo.App.1974), this court stated:

> Statutes of limitations are favored in the law, and cannot be avoided unless the parties seeking to do so bring themselves within some exception. Strict compliance is required with regard to specific statutory exceptions . . . . Further, statutes of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions.

■ Only three of the plaintiffs in this action, Samuel Brooks, William Moore, and Walter Klein were parties to the first suit and subject to the trial court's jurisdiction. As a general rule, legal proceedings do not toll the statute of limitations as to one not a party thereto. 54 C.J.S. *Limitations of Actions,* § 247, p. 280; *Hankins v. Waddell,* 26 Tenn.App. 71, 167 S.W.2d 694, 695 (1942); *Hellerstein v. Mather,* 360 F.Supp. 473, 475 (D.Colo.1973). Therefore, only the three original plaintiffs may raise this contention.

■ The three plaintiffs would not have violated the stay order if they had filed their action for past unpaid overtime during the pendency of this stay order because only the defendants were prohibited from acting. Plaintiffs were not prevented from "the commencement of any suit." If a second suit had been filed, it no doubt would have been stayed pending the resolution of the appeal in Brooks. *See, Brink,* 217 S.W.2d at 510. But that fact in no way legally prevented plaintiffs from commencing an action. This point is without merit.

■ Plaintiffs also assert that the defendants' motion for a stay order constituted an acknowledgment of a debt taking their claims outside the statute of limitations. § 516.320 RSMo.1978. An acknowledgment in writing of a debt to remove the bar of the statute of limitations must contain an unqualified and direct admission of a present subsisting debt. *Cochrane v. Cott,* 156 Mo.App. 663, 138 S.W. 46 (1911). There is nothing in defendants' motion which constitutes an unqualified and direct admission of a present and existing debt.

■ Plaintiffs, relying on *State Farm Mutual Automobile Insurance Co. v. Budd,* 185 Neb. 343, 175 N.W.2d 621 (1970) assert the stay order lulled them into a "false sense of security" and defendants should be estopped from raising the bar of the statute of limitations contained in § 516.140. In *State Farm,* defendant insurer on three occasions assured plaintiff it would "honor" plaintiff's claim. In reliance on the insurer's assurances, plaintiff forebore suit. The court held that the defendant insurers could not take advantage of the "trickery and dishonesty to defeat plaintiff's just claim." 175 N.W.2d at 624. We do not find that situation here.

Finally, plaintiffs assert that this case constitutes merely a continuation of *Brooks v. Whaley* and cite *Hasenyager v. Board of Police Commissioners,* 606 S.W.2d 468 (Mo. App.1980) in support of their proposition. That case does not speak to their contention and we find no merit in it.

Affirmed.

SNYDER and CRIST, JJ., concur.

## OPINION ON MOTION FOR REHEARING OR TO TRANSFER TO SUPREME COURT

PER CURIAM.

■ In plaintiffs' motion for rehearing or in the alternative for transfer to the Supreme Court, they contend *for the first time* that the proper statute of limitations is the five year statute of limitations contained in § 516.120(2) RSMo.1978 for actions "upon a liability created by statute."

Plaintiffs made no such contention before the trial court, and no point concerning the alleged error in their brief or in oral argument. It is too late for consideration now. *Samuels v. Illinois Fire Insurance Co.,* 354 S.W.2d 352, 363 (Mo.App.1961). Defendants' motion is denied.