STATE of Missouri, ex rel. KELLEY PROPERTIES, INC., Relator/Appellant,

v.

The CITY OF TOWN AND COUNTRY, et al., Respondents/Respondents.

No. 57722.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 7, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 1990.

Application to Transfer Denied Nov. 20, 1990.

**520**

Jerome Wallach, St. Louis, for relator/appellant.

Robert B. Hoemeke, Ronald A. Norwood, St. Louis, for respondents/respondents.

GRIMM, Judge.

The State of Missouri, at the relation of Kelley Properties, Inc., instituted this quo warranto proceeding against the City of Town and Country, its mayor, and the members of its board of aldermen. Kelley sought a determination of whether the City "lawfully annexed" land now owned by Kelley "and/or whether [the City] forfeited its municipal authority" over Kelley's land. The trial court dismissed the quo warranto petition on the grounds that the action was barred by (1) the statute of limitations and (2) laches. We affirm.

## I. Historical background

On February 19, 1951, the Board of Trustees for what was then the Village of Town and Country petitioned the St. Louis County Council to add certain tracts of land to its corporate limits. One of those tracts was the property which is now owned by Kelley. The county council had a hearing on the petition on July 11, 1951.

The record reflects that in September, 1951, certain tracts were excluded from the proposed addition. On October 3, 1951, the county council issued its order adding numerous tracts, including Kelley's tract, to the corporate limits of the Village.

The Village brought its petition under the prevailing statute, § 80.030, RSMo 1949. The petition stated that "none of the said unplatted or unsubdivided land is used for farming, gardening, horticultural or dairying purposes." Among other things, the petition also said "the owners of the above described property have requested [the trustees] to include same within the limits of the Village of Town and Country."

Section 80.030 provided that "no tract of ten acres or more of any unplatted or unsubdivided land used for farming, gardening, horticultural or dairying purposes shall be included in a town by such extension of boundaries without consent of the owner of such tract." Kelley claims its tract of land, at the time of the annexation, was 18.85 acres of unplatted unsubdivided land used for farming purposes.

## II. Prior litigation

In 1988, Kelley filed a declaratory judgment action seeking a declaration that the 1951 annexation was null and void. Following denial of the City's motion to dismiss, the City sought, and this court granted, a writ of prohibition to prevent the trial judge from exercising jurisdiction. *City of Town & Country v. Goldman,* 778 S.W.2d 300 (Mo.App.E.D.1989).

In *Goldman,* we held that the annexation had achieved de facto status. As such, the annexation is " 'impregnable to collateral assault' absent a direct proceeding in quo warranto." *Id.* at 302 (quoting *Cherry v. City of Hayti Heights,* 563 S.W.2d 72, 88 (Mo. banc 1978). Kelley, therefore, lacked standing in its individual capacity to challenge the annexation.

## III. Current litigation

This quo warranto proceeding was initiated in August, 1989. Kelley alleges that the Village (now City), in its petition for annexation, "fraudulently misrepresented '[t]hat all of said additional territory has been platted and subdivided' ... [and] that none of the said unplatted or unsubdivided land is used for farming, gardening, horticultural or dairying purposes."

The trial court sustained City's motion to dismiss. The dismissal order was based on two grounds. First, the action is barred by the three-year statute of limitations set forth in § 516.130(2), RSMo 1986. Second, it is barred by laches, as a matter of law, "because [Kelley] seeks to set aside a de facto annexation almost 38 years after it occurred."

## IV. Statute of Limitations

In its first point, Kelley asserts the trial court erred in applying § 516.130(2) to bar its action in quo warranto. Kelley does not contend that § 516.130(2) is not the applicable statute of limitations. Rather, it argues that the council's order was a void act; and, therefore, no statute of limitations would apply.

Kelley contends the council's order of annexation "was void as a result of the City's fraudulent misrepresentations in obtaining the judgment." In support of this contention, Kelley cites only *Reynolds v. Volunteer State Life Ins. Co.*, 80 S.W.2d 1087 (Tex.Ct.App.1935). Kelley quotes a segment of *Reynolds* which holds that a void judgment "has no legal force or effect ... [and] any person whose rights are affected, [may] at any time and at any place [assert its invalidity]." *Id.* at 1092.

*Reynolds* does not aid Kelley. *Reynolds* involved an action to set aside a judgment obtained against Reynolds, as well as a sheriff's deed. There, Reynolds testified that, in the earlier action, he was never served with the petition, nor did he enter his appearance. The court assumed his statements were true, but denied his request for relief. It recognized that Reynolds would have had a remedy if he had appealed the original judgment. Reynolds, however, showed "no ground, or legal excuse, for not pursuing" an appeal. *Id.* at 1093. As a result, that court denied him relief.

Section 516.130(2), the three-year statute of limitations, applies to actions "upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state." This statute has been held to bar quo warranto proceedings. *State ex rel. Crain v. Baker*, 104 S.W.2d 726, 732 (Mo.App.S.D.1937); *State ex rel. Dalton v. Miles Laboratories*, 365 Mo. 350, 282 S.W.2d 564, 567 (1955).

The trial court did not err in dismissing the quo warranto petition, because it was barred by the statute of limitations. "A cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations commences to run from that time." *Perkins v. Schicker*, 641 S.W.2d 432, 434 (Mo. App.E.D.1982).

The incorporation occurred in 1951. At oral argument, Kelley's attorney acknowledged that it, and its predecessors in title, had paid taxes on this tract to City each year since 1951. Any cause of action is barred by the statute of limitations.

## V. Conclusion

We need not address Kelley's second point alleging trial court error in holding that its challenge to the 1951 annexation is barred by laches as a matter of law. We recognize that laches is an equitable doctrine and that each case must be decided on its particular facts. *State ex rel. King v. Village of Praethersville*, 542 S.W.2d 578, 580 (Mo.App.W.D.1976).

The judgment of the trial court is affirmed.

SATZ, P.J., and SMITH, J., concur.